[903 NE2d 1146, 875 NYS2d 826]

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANTHONY GILL, Respondent, v GARY GREENE, as Superintendent of Great Meadow Correctional Facility, Appellant.

Argued January 6, 2009; decided February 12, 2009

## POINTS OF COUNSEL

*Andrew M. Cuomo, Attorney General*, Albany (*Barbara D. Underwood, Andrea Oser, Nancy A. Spiegel* and *Frank Brady* of counsel), for appellant. I. The Third Department's interpretation of Penal Law § 70.25 (2-a) is not mandated by the text and is contradicted by the history, purpose and long-standing interpretation by the courts of this state. (*People ex rel. Batista v Walsh*, 48 AD3d 845; *People v Ingber*, 248 NY 302; *People v Baum*, 16 AD2d 716; *Matter of Browne v New York State Bd. of Parole*, 10 NY2d 116; *People v Konigsberg*, 137 AD2d 142, 72 NY2d 912; *People v Colavito*, 28 AD2d 548; *People v Bostick*, 67 AD2d 930, 46 NY2d 1078; *Akins v Smith*, 480 F Supp 248, 622 F2d 572; *Matter of Rolon v Senkowski*, 160 AD2d 1072; *Matter of Moore v Goord*, 34 AD3d 909, 8 NY3d 807.) II. Judicial pronouncement of how a new sentence relates to undischarged prior sentences is not required by general statutory or constitutional principles governing sentencing. (*Matter of Garner v New York State Dept. of Correctional Servs.*, 10 NY3d 358; *People v Sparber*, 10 NY3d 457; *Earley v Murray*, 451 F3d 71; *Wilson v McGinnis*, 413 F3d 196; *United States v Parkins*, 25 F3d 114, 513 US 1008; *Matter of Browne v New York State Bd. of Parole*,

10 NY2d 116; *McCarthy v Doe*, 146 F3d 118.) III. Any change in the long-standing appellate interpretation of Penal Law § 70.25 (2-a) should apply prospectively. (*People v Martello*, 93 NY2d 645; *People v Mitchell*, 80 NY2d 519; *People v Pepper*, 53 NY2d 213; *People v Favor*, 82 NY2d 254.)

*Legal Aid Society*, New York City (*Robert C. Newman, Steven Banks* and *William D. Gibney* of counsel), for respondent. I. The Appellate Division correctly held that the Department of Correctional Services, an administrative agency, lacked statutory authority to run respondent's sentence consecutively when the sentencing court did not so order. (*Matter of Garner v New York State Dept. of Correctional Servs.*, 10 NY3d 358; *People v Sparber*, 10 NY3d 457; *People v Selikoff*, 35 NY2d 227; *People v Catu*, 4 NY3d 242; *People v Ford*, 86 NY2d 397; *People v Perry*, 36 NY2d 114; *Matter of Murray v Goord*, 1 NY3d 29; *Middleton v State of New York*, 54 AD2d 450, 43 NY2d 678; *People v DeValle*, 94 NY2d 870.) II. The legislative history of the statute does not support appellant's contention that the Department of Correctional Services had the authority it asserted here. (*People v Ingber*, 248 NY 302; *Matter of Browne v New York State Bd. of Parole*, 10 NY2d 116.) III. The Appellate Division correctly relied on *Earley v Murray* (451 F3d 71 [2d Cir 2006]), which ruled that under the Federal Constitution, a clerical or administrative "alteration" to a judicially-pronounced sentence "is of no effect." (*People v Sparber*, 10 NY3d 457; *Hill v United States ex rel. Wampler*, 298 US 460; *Greene v United States*, 358 US 326; *People v Perry*, 36 NY2d 114; *People v Merejildo*, 45 AD3d 429; *People v Curley*, 285 AD2d 274, 97 NY2d 607; *Wilson v McGinnis*, 413 F3d 196; *Apprendi v New Jersey*, 530 US 466; *McMillan v Pennsylvania*, 477 US 79.) IV. The Court should not embrace appellant's suggestion that any ruling in respondent's favor should apply only prospectively. (*People v DeValle*, 94 NY2d 870; *Wilson v McGinnis*, 413 F3d 196; *United States v Parkins*, 25 F3d 114; *United States v Neely*, 38 F3d 458; *People v Favor*, 82 NY2d 254; *Hill v United States ex rel. Wampler*, 298 US 460; *Matter of Ettari v Fischer*, 54 AD3d 460; *People ex rel. Julio v Walters*, 88 AD2d 259, 58 NY2d 881; *People v Morales*, 37 NY 262; *People ex rel. Posada-Osorio v Hammock*, 58 NY2d 978.)

*Daniel M. Donovan, Jr., District Attorney*, Staten Island (*Morrie I. Kleinbart, Anthony Girese* and *Ann C. Sullivan* of counsel), for District Attorneys Association of the State of New York, amicus curiae. An affirmance would upset 30 years of reliance on an understanding of Penal Law § 70.25 (2-a) that mandated

consecutive sentences by operation of law for a repeat felony offender subject to an undischarged prior sentence, and cause enormous damage to the criminal justice system. (*Matter of Rolon v Senkowski*, 160 AD2d 1072; *People ex rel. Batista v Walsh*, 48 AD3d 845; *Matter of Gray v Goord*, 37 AD3d 904; *Matter of Jackson v Smith*, 36 AD3d 1067; *Matter of Collins v Woodruff*, 32 AD3d 1139; *Matter of Moore v Goord*, 34 AD3d 909; *Matter of Valentin v Smith*, 30 AD3d 862; *Matter of Myles v Smith*, 32 AD3d 1142; *Matter of El-Aziz v Goord*, 27 AD3d 861, 7 NY3d 704; *Matter of Soriano v New York State Dept. of Correctional Servs.*, 21 AD3d 1233.)

### OPINION OF THE COURT

SMITH, J.

We hold that, when a court is required by statute to impose a sentence that is consecutive to another, and the court does not say whether its sentence is consecutive or concurrent, it is deemed to have imposed the consecutive sentence the law requires.

### I

In 1994, Anthony Gill was sentenced as a second felony offender to an indeterminate term of 2½ to 5 years for criminal possession of stolen property. Before then, he had been convicted and sentenced twice for earlier crimes, for manslaughter in 1982 and for several larceny-related offenses in 1993. Neither of Gill's previous sentences had been discharged by 1994; he had been paroled on the first, and had absconded from a temporary release program while serving the second.

It is undisputed that the court that sentenced Gill in 1994 was required by Penal Law § 70.25 (2-a) to impose a prison term to run consecutively to his previous, undischarged sentences. It is also undisputed, however, that that court did not say, orally or in any document, that the sentence it imposed was either consecutive to or concurrent with the previous ones. The court was simply silent on that subject. The Department of Correctional Services (DOCS) calculated Gill's release date on the assumption that the 1982, 1993 and 1994 sentences were consecutive to each other.

In 2006, Gill, pro se, began this proceeding against the Superintendent of the prison where he was held, seeking a writ of habeas corpus. He asserted that his 1994 sentence was, as a matter of law, concurrent with his earlier ones, because the

sentencing court had not said otherwise. Supreme Court dismissed the petition without reaching the merits of this claim, on the ground that even if Gill were correct he would not have been entitled to habeas corpus.

Gill appealed to the Appellate Division, which converted his proceeding to one under CPLR article 78, reversed Supreme Court and annulled DOCS's determination that Gill's sentences ran consecutively (*People ex rel. Gill v Greene*, 48 AD3d 1003 [3d Dept 2008]). The Appellate Division agreed with Gill "that DOCS had no authority to calculate his sentences consecutively where the court did not do so" (*id.* at 1005). The Appellate Division granted the Superintendent permission to appeal to this Court, and we now reverse.

## II

There is no question that, as the Appellate Division acknowledged and as Gill concedes, the sentencing court was required in 1994 to impose a consecutive sentence. Gill was sentenced under the second felony offender statute, Penal Law § 70.06, and his sentence was therefore governed by Penal Law § 70.25 (2-a), which says:

> "When an indeterminate . . . sentence of imprisonment is imposed pursuant to section . . . 70.06 . . . and such person is subject to an undischarged indeterminate or determinate sentence of imprisonment imposed prior to the date on which the present crime was committed, the court must impose a sentence to run consecutively with respect to such undischarged sentence."

But Gill argues, and the Appellate Division held, that though the court was required to impose a consecutive sentence it did not do so, and that DOCS cannot correct the court's error.

Gill relies on *Matter of Garner v New York State Dept. of Correctional Servs.* (10 NY3d 358 [2008]), in which we held that, where a court omits to impose a required term of postrelease supervision (PRS), the error can be corrected only by a court, not by correctional authorities. He also relies on *Earley v Murray* (451 F3d 71 [2d Cir 2006]), in which the Court of Appeals for the Second Circuit held that it violated due process for DOCS to correct a sentencing court's error in failing to impose a term of PRS. But the analogy Gill draws between consecutive sentencing and PRS is flawed.

The problem in *Garner* and *Earley* was that a part of the sentence—the PRS term—was never imposed. In each case, the court imposed a term of imprisonment, and said nothing about PRS. That was indeed an error that only a court could correct. But here, the sentence at issue—a term of imprisonment for 2¹/₂ to 5 years—was imposed. All that was omitted was the characterization of the sentence as either concurrent or consecutive.

That characterization is provided by the statute, Penal Law § 70.25 (2-a), which says the sentence must be consecutive. Nothing in the statute and nothing in the Constitution requires the sentencing court to say the word "consecutive," either orally or in writing. Nothing in the statute even requires that the sentencing court be made aware that the prior sentences are undischarged. Unlike the petitioners in *Garner* and *Earley,* who were told nothing about PRS by the courts that sentenced them, Gill was told in plain terms that he was being sentenced to 2¹/₂ to 5 years in prison. He was never given any reason to think that part or all of that sentence would be effectively nullified, by running simultaneously with sentences he had already received. Indeed, nothing in the record here shows the court knew that previous undischarged sentences existed.

We read the words of Penal Law § 70.25 (2-a)—"the court must impose a sentence to run consecutively with respect to such undischarged sentence"—to mean that any sentence imposed by the court shall run consecutively to the undischarged sentence, whether the sentencing court says so or not. This reading is supported by subdivision (1) of Penal Law § 70.25, in which the Legislature provided rules for interpreting sentences that might otherwise be thought either consecutive or concurrent. Section 70.25 (1) says that as a general rule—with exceptions that include cases subject, as this one is, to section 70.25 (2-a)—sentences "shall run either concurrently or consecutively . . . in such manner as the court directs at the time of sentence." The statute goes on to provide a default rule: "If the court does not specify the manner in which a sentence imposed by it is to run," the sentences shall run concurrently in certain classes of cases, and consecutively in others (Penal Law § 70.25 [1] [a], [b]). But where, as in this case, the court has no choice about which kind of sentence to impose, no default rule for interpreting the court's silence is provided by statute, because none is necessary. The court is simply deemed to have complied with the statute.

In short, the sentencing court here committed no error and there was none for DOCS to correct. DOCS properly interpreted Gill's 1994 sentence as being consecutive to his previous undischarged sentences, as Penal Law § 70.25 (2-a) requires.

Accordingly, the order of the Appellate Division should be reversed, without costs, and the petition dismissed.

Judges CIPARICK, GRAFFEO, READ, PIGOTT and JONES concur; Chief Judge LIPPMAN taking no part.

Order reversed, etc.