■ In the Matter of JAMES McMOORE, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [876 NYS2d 770]—

Appeal from a judgment of the Supreme Court (Stein, J.), entered December 11, 2007 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Correctional Services calculating petitioner's sentence.

In May 1984, petitioner was sentenced as a second felony offender to 2½ to 5 years in prison for attempted robbery in the second degree. He was thereafter released to parole supervision and, in March 1987, was sentenced to a prison term of 2½ to 5 years for criminal possession of a weapon in the third degree. The sentencing court was silent as to whether that sentence

would run consecutively or concurrently to petitioner's previously imposed sentence. Petitioner was subsequently paroled and, in March 1991, was sentenced as a persistent violent felony offender to two terms of imprisonment of 20 years to life for manslaughter in the first degree and criminal possession of a weapon in the third degree. Again, there was no indication by the sentencing court as to whether those sentences would run consecutively or concurrently to petitioner's prior undischarged sentences.

The Department of Correctional Services, relying on Penal Law § 70.25 (2-a), calculated petitioner's sentences as running consecutively. As a result, petitioner commenced this proceeding challenging the legality of his incarceration. Supreme Court dismissed the petition and this appeal ensued.

We affirm. In accordance with Penal Law § 70.25 (2-a), the sentences imposed in 1987 and 1991 were required to run consecutively to petitioner's prior undischarged sentences whether the sentencing courts expressly indicated as much or not (*see People ex rel. Gill v Greene*, 12 NY3d 1 [2009]). Thus, as the Department of Correctional Services committed no error in calculating petitioner's sentences as running consecutively (*see id.*), Supreme Court properly dismissed this proceeding.

Peters, J.P., Rose, Kane, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.