■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT TAYLOR, Appellant, v WILLIAM BROWN, as Superintendent of Eastern Correctional Facility, et al., Respondents. [877 NYS2d 707]—

Appeal from an order of the Supreme Court (Zwack, J.), entered July 22, 2008 in Ulster County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

In 1988, petitioner was sentenced to 8⅓ to 25 years in prison for manslaughter in the first degree. He was paroled in February 1998. In March 2003, petitioner was sentenced as a second violent felony offender to several concurrent sentences, the longest of which was a 15-year term for criminal possession of a weapon in the second degree, but the sentencing court was silent as to whether the new sentences should run consecutively or concurrently to his previously imposed sentences. The Depart-

ment of Correctional Services (hereinafter DOCS), relying upon Penal Law § 70.25 (2-a), calculated the sentences as running consecutively. Petitioner commenced this proceeding challenging the computation by DOCS of his sentence. Supreme Court denied petitioner's application for a writ of habeas corpus, prompting this appeal.

The Court of Appeals recently answered this question directly, holding that, where a sentencing court imposes a sentence pursuant to Penal Law § 70.25 (2-a), "any sentence imposed by the court shall run consecutively to the undischarged sentence, whether the sentencing court says so or not" (*People ex rel. Gill v Greene*, 12 NY3d 1, 6 [2009]). Thus, the sentencing court committed no error and "DOCS properly interpreted [petitioner's 2003] sentence as being consecutive to his previous undischarged sentence[ ], as Penal Law § 70.25 (2-a) requires" (*id.* at 7).

We have examined petitioner's remaining arguments and find them to be without merit.

Cardona, P.J., Rose, Lahtinen, Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, without costs.