THE PEOPLE OF THE STATE OF NEW YORK ex rel. RASHAD DRISCOLL, Respondent, v D. LACLAIR, as Superintendent of Franklin Correctional Facility, Appellant. [880 NYS2d 404]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Feldstein, J.), entered January 23, 2009 in Franklin County, which granted petitioner's application, in a proceeding pursuant to CPLR article 70, and discharged petitioner.

In 1994, petitioner was convicted of criminal possession of a controlled substance in the third degree and sentenced to 1⅓ to 4 years in prison. Following his release on parole, petitioner was convicted of criminal sale of a controlled substance in the third degree and, in 1996, was sentenced to a prison term of 4½ to 9 years. Petitioner again was released to parole supervision and, in 2006, he was convicted of criminal possession of a controlled substance in the third degree and sentenced as a second felony offender to 3½ years in prison followed by three years of post-

release supervision. The sentencing court was silent as to whether petitioner's 2006 sentence would run consecutively to or concurrently with his prior, undischarged sentences.

The Department of Correctional Services, relying upon Penal Law § 70.25 (2-a), calculated petitioner's sentences as running consecutively. Petitioner thereafter commenced this proceeding pursuant to CPLR article 70 challenging the computation of his sentence and the legality of his incarceration. Supreme Court granted petitioner's application and ordered him released to postrelease supervision. This appeal by respondent ensued.

Where, as here, the sentencing court is required to impose a consecutive sentence (*see* Penal Law § 70.25 [2-a]), "it is deemed to have imposed the consecutive sentence the law requires" (*People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009])— notwithstanding its failure to specify that the subject sentence indeed is consecutive. As the Court of Appeals has noted, "[n]othing in the statute and nothing in the Constitution requires the sentencing court to say the word 'consecutive,' either orally or in writing" (*id.* at 6). Inasmuch as petitioner was subject to the sentencing provisions of Penal Law § 70.25 (2-a), we perceive no error in the computation of his sentence (*see Matter of McMoore v Fischer*, 61 AD3d 1187, 1188 [2009]). Accordingly, Supreme Court's judgment is reversed and the petition is dismissed.

Peters, J.P., Spain, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.