■ In the Matter of RODOLFO GREY, Respondent, v BRIAN FISCHER, as Commissioner of Correctional Services, et al., Appellants. [882 NYS2d 322]—

Stein, J. Appeal from a judgment of the Supreme Court (Cahill, J.), entered July 3, 2008 in Albany County, which

granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Department of Correctional Services calculating petitioner's sentences as running consecutively.

In 1987, petitioner was sentenced to $1^1/_2$ to $4^1/_2$ years in prison upon his conviction of attempted robbery in the first degree. Petitioner was paroled, committed additional crimes and, in 1989, was sentenced for those crimes as a second violent felony offender to various prison terms, resulting in an aggregate prison term of 15 to 30 years. The 1989 sentencing minutes were silent as to the manner in which such sentences were to run relative to the undischarged portion of petitioner's 1987 sentence.[1]

The Department of Correctional Services (hereinafter DOCS), relying upon Penal Law § 70.25 (2-a), calculated petitioner's sentences as running consecutively, prompting petitioner to commence this CPLR article 78 proceeding to annul that determination. Supreme Court granted petitioner's application and annulled DOCS's consecutive sentencing determination, prompting this appeal.[2]

Subsequent to Supreme Court's determination, the Court of Appeals ruled that where, as here, the sentencing court is required to impose a consecutive sentence (*see* Penal Law § 70.25 [2-a]), "it is deemed to have imposed the consecutive sentence the law requires" (*People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009])—even in the absence of an express judicial directive to that effect (*see id.* at 6). Inasmuch as there is no dispute that petitioner was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a), we perceive no error in DOCS's computation of his sentence (*see People ex rel. Taylor v Brown*, 62 AD3d 1063, 1064 [2009]; *Matter of McMoore v Fischer*, 61 AD3d 1187, 1188 [2009]). Accordingly, Supreme Court's judgment is reversed and the petition is dismissed.

Peters, J.P., Rose, Lahtinen and McCarthy, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.

---

1. Petitioner also was sentenced in 1990 to a prison term of $1^1/_2$ to 3 years for promoting prison contraband in the first degree. Because this sentence runs concurrently with the sentences previously imposed, it does not affect the calculations relevant to petitioner's overall sentence or release dates.

2. Respondents' subsequent motion to renew was granted, but Supreme Court adhered to its original decision. Although respondents did not appeal from the subsequent judgment, we nonetheless may consider it (*see* CPLR 5517; *Matter of Collins*, 36 AD3d 1191, 1192 n [2007]).