The People of the State of New York ex rel. Antonio Lopez, Respondent, v Bruce Yelich, as Superintendent of Bare Hill Correctional Facility, Appellant. [881 NYS2d 535]—

Garry, J. Appeal from a judgment of the Supreme Court (Feldstein, J.), entered December 26, 2008 in Franklin County, which granted petitioner's application, in a proceeding pursuant to CPLR article 70, and discharged petitioner.

In 1994, petitioner was convicted of robbery in the first degree and sentenced as a second felony offender to a prison term of 4 to 8 years. Following his parole, petitioner was convicted in 1998 of two counts of attempted criminal sale of a controlled substance in the third degree and sentenced as a second felony offender to concurrent prison terms of 4 to 8 years. Neither the commitment order nor the sentencing minutes made any mention as to whether this sentence was to run concurrently with or consecutively to the undischarged portion of petitioner's 1994 sentence. Thereafter, in 1999, petitioner was convicted of promoting prison contraband in the first degree and sentenced as a second felony offender to a prison term of $1\frac{1}{2}$ to 3 years. Although the commitment order indicated that such sentence was to run consecutively to the "sentence currently serving," which presumably was in reference to petitioner's 1998 conviction, both the commitment order and the sentencing minutes were silent as to the manner in which such sentence was to run relative to the undischarged portions of the remaining terms previously imposed.

The Department of Correctional Services, relying upon Penal Law § 70.25 (2-a), calculated petitioner's 1998 sentence as running consecutively to his 1994 term and his 1999 sentence as running consecutively to all prior terms. Petitioner thereafter commenced this proceeding pursuant to CPLR article 70 to challenge those computations and the legality of his continued incarceration. Supreme Court granted petitioner's application and ordered that he be released from custody. This appeal by respondent ensued.

The record reflects that petitioner was sentenced as a second felony offender in 1994, 1998 and 1999, thus subjecting him to

the consecutive sentencing provisions of Penal Law § 70.25 (2-a). Where, as here, the sentencing court is required to impose a consecutive sentence pursuant to the statute, "it is deemed to have imposed the consecutive sentence the law requires" (*People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009])—even if it fails to so specify (*see id.* at 6). Notably, "[n]othing in the statute and nothing in the Constitution requires the sentencing court to say the word 'consecutive,' either orally or in writing" (*id.*). We therefore discern no error in the computation of petitioner's sentence (*see People ex rel. Taylor v Brown*, 62 AD3d 1063, 1064 [2009]; *Matter of McMoore v Fischer*, 61 AD3d 1187, 1188 [2009]). Accordingly, Supreme Court's judgment is reversed and the petition is dismissed.

Mercure, J.P., Rose, Kane and Kavanagh, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.