The People of the State of New York ex rel. Abdul Nadal, Respondent, v Francisco Rivera, as Superintendent of Wallkill Correctional Facility, et al., Appellants. [880 NYS2d 585]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (Zwack, J.), entered October 10, 2008 in Ulster County, which granted petitioner's application, in a proceeding pursuant to CPLR article 70, and discharged petitioner.

In 1999, petitioner was convicted of criminal sale of a controlled substance in the third degree and sentenced as a second felony offender to a prison term of 4½ to 9 years. Following his release on parole, petitioner was convicted of arson in the fourth degree in 2005 and sentenced as a second felony offender to 1½ to 3 years in prison. Neither the sentencing minutes nor the commitment order specified whether petitioner's 2005 sentence was to run consecutively to or concurrently with the undischarged portion of his 1999 sentence.

Respondent Department of Correctional Services (hereinafter DOCS), relying upon Penal Law § 70.25 (2-a), calculated petitioner's sentences as running consecutively. Petitioner thereafter commenced this proceeding pursuant to CPLR article 70 challenging DOCS's computations and the legality of his continued incarceration. Supreme Court granted petitioner's application and ordered his release from custody. This appeal by respondents ensued.

Where, as here, the sentencing court is required to impose a consecutive sentence (*see* Penal Law § 70.25 [2-a]), "it is deemed to have imposed the consecutive sentence the law requires" (*People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009])—even in the absence of an express judicial directive to that effect (*see id.* at 6). As the Court of Appeals has noted, "[n]othing in the statute and nothing in the Constitution requires the sentencing court to say the word 'consecutive,' either orally or in writing" (*id.*). Inasmuch as there is no dispute that petitioner was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a), we perceive no error in DOCS's computation of his sentence (*see People ex rel. Taylor v Brown*, 62 AD3d 1063, 1064 [2009]; *Matter of McMoore v Fischer*, 61 AD3d 1187, 1188 [2009]). Accordingly, Supreme Court's judgment is reversed and the petition is dismissed.

Rose, Kane, McCarthy and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.