■ The People of the State of New York ex rel. Barry Berman, Respondent, v Dale Artus, as Superintendent of Clinton Correctional Facility, Appellant. [882 NYS2d 729]—

Rose, J. Appeal from a judgment of the Supreme Court (Feldstein, J.), entered December 19, 2008 in Clinton County, which granted petitioner's application, in a proceeding pursuant to CPLR article 70, and discharged petitioner.

In 1996, petitioner was convicted of burglary in the third degree and sentenced as a second felony offender to a prison term of 2 to 4 years. Following his release on parole, petitioner was convicted in 2000 of grand larceny in the third degree and sentenced as a second felony offender to a prison term of 3 to 6 years, which was to be executed as a sentence of parole supervision (*see* CPL 410.91). Thereafter, in 2001, petitioner was convicted of burglary in the second degree and sentenced as a second felony offender to a prison term of seven years followed by five years of postrelease supervision. Neither the 2001 commitment order nor the relevant sentencing minutes addressed the manner in which such sentence was to run relative to the undischarged portions of petitioner's prior terms.

The Department of Correctional Services, relying upon Penal Law § 70.25 (2-a), calculated petitioner's sentences as running consecutively. Petitioner thereafter commenced this proceeding pursuant to CPLR article 70 challenging the sentencing calculations and the legality of his continued incarceration. Supreme Court granted petitioner's application and ordered that he be released to begin serving his period of postrelease supervision. Shortly thereafter, petitioner violated the terms of his postrelease supervision and was returned to custody. This appeal by respondent ensued.

Preliminarily, despite petitioner's release to parole supervision and subsequent return to custody, this matter is not moot because the challenged sentencing calculations affect, among other things, petitioner's next release date. Accordingly, we will consider this matter as a proceeding pursuant to CPLR article 78 and address the merits (*see* CPLR 103 [c]; *People ex rel. Lewis v New York State Div. of Parole*, 60 AD3d 539 [2009]).

To that end, where, as here, the sentencing court is required to impose a consecutive sentence (*see* Penal Law § 70.25 [2-a]), "it is deemed to have imposed the consecutive sentence the law requires" (*People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009])— even if the commitment order and/or sentencing minutes are silent in this regard (*see id.* at 6). Inasmuch as there is no dispute that petitioner was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a), we discern no error in the computation of petitioner's sentence (*see People ex rel. Taylor v Brown*, 62 AD3d 1063, 1064 [2009]; *Matter of McMoore v Fischer*, 61 AD3d 1187, 1188 [2009]). Finally, contrary to petitioner's assertion, a sentence of parole supervision is "an indeterminate sentence of imprisonment" (CPL 410.91 [1]) and, hence, it was not error to include the undischarged portion of his 2000 sentence in the overall sentencing calculation. Accordingly, Supreme Court's judgment is reversed and the petition is dismissed.

Cardona, P.J., Kane, McCarthy and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.