■ In the Matter of WALTER TOMON, Respondent, v BRUCE YELICH, as Superintendent of Bare Hill Correctional Facility, Appellant. [886 NYS2d 253]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered December 15, 2008 in Franklin County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Department of Correctional Services calculating petitioner's prison sentence.

In April 2003, petitioner was sentenced as a second felony of-

fender to two determinate terms of five years in prison, followed by five years of postrelease supervision, upon his conviction of two counts of robbery in the second degree, and a prison term of 3 to 6 years upon his conviction of robbery in the third degree, said sentences to run concurrently. Neither the sentence and commitment order nor the sentencing minutes made any mention of how these sentences were to run relative to petitioner's prior undischarged prison term. The Department of Correctional Services calculated petitioner's 2003 sentences as running consecutively to his prior undischarged term, prompting petitioner to commence a habeas corpus proceeding challenging that computation and the legality of his continued incarceration. Supreme Court converted the matter to a CPLR article 78 proceeding and annulled the underlying determination. This appeal by respondent ensued.

Where a sentencing court is required by statute to impose a consecutive sentence, "it is deemed to have imposed the consecutive sentence the law requires"—even in the absence of an express judicial pronouncement to that effect (*People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009]; *see People ex rel. Nadal v Rivera*, 63 AD3d 1434 [2009]; *People ex rel. Lopez v Yelich*, 63 AD3d 1433 [2009]; *People ex rel. Driscoll v LaClair*, 63 AD3d 1364 [2009]). As a second felony offender, petitioner was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a) and, accordingly, we discern no error in the computation of his sentence (*see Matter of Grey v Fischer*, 63 AD3d 1431 [2009]; *People ex rel. Taylor v Brown*, 62 AD3d 1063, 1064 [2009]). Supreme Court's judgment is, therefore, reversed and the petition is dismissed.

Cardona, P.J., Peters, Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.