In the Matter of DAMON BELLAMY, Respondent, v BRIAN FISCHER, as Commissioner of Correctional Services, Appellant. [885 NYS2d 647]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered December 15, 2008 in Franklin County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Department of Correctional Services calculating petitioner's prison term.

In June 2007, petitioner was sentenced as a second felony offender to a prison term of 1½ to 3 years upon his conviction of attempted burglary in the third degree. Neither the commitment order nor the sentencing minutes specified whether this sentence was to run consecutively to or concurrently with petitioner's prior undischarged prison term. The Department of Correctional Services thereafter calculated petitioner's 2007 sentence as running consecutively to his prior undischarged term, prompting petitioner to commence this CPLR article 78 proceeding to challenge that computation. Supreme Court annulled the underlying determination, and this appeal by respondent ensued.

Where a sentencing court is statutorily required to impose a consecutive sentence, "it is deemed to have imposed the consecutive sentence the law requires"—notwithstanding the absence of an express judicial directive to that effect (*People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009]; *see People ex rel. Nadal v Rivera*, 63 AD3d 1434 [2009]; *People ex rel. Lopez v Yelich*, 63 AD3d 1433 [2009]; *People ex rel. Driscoll v LaClair*, 63 AD3d 1364 [2009]). As there is no dispute that petitioner was required to be sentenced pursuant to the consecutive sentencing provisions of Penal Law § 70.25 (2-a), we discern no error in the computation of his sentence (*see Matter of Grey v Fischer*, 63 AD3d 1431

[2009]; *People ex rel. Taylor v Brown*, 62 AD3d 1063, 1064 [2009]). Accordingly, Supreme Court's judgment is reversed and the petition is dismissed.

Cardona, P.J., Mercure, Spain, Kavanagh and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.