■ The PEOPLE OF THE STATE OF NEW YORK ex rel. ERIC KIRKLAND, Respondent, v DALE ARTUS, as Superintendent of Clinton Correctional Facility, Appellant. [886 NYS2d 514]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered February 2, 2009 in Clinton County, which granted petitioner's application, in a proceeding pursuant to CPLR article 70, and discharged petitioner.

In 1999, petitioner was convicted of criminal possession of a weapon in the third degree and sentenced as a second felony offender to 2 to 4 years in prison. The 1999 sentencing minutes made no mention of whether this sentence was to run consecutively to or concurrently with petitioner's prior undischarged prison terms. The Department of Correctional Services calculated petitioner's 1999 sentence as running consecutively to his prior undischarged terms, and petitioner thereafter commenced this CPLR article 70 proceeding to challenge that sentencing

calculation and the legality of his continued incarceration. Supreme Court granted petitioner's application and ordered that he be released, prompting this appeal.

The record confirms that petitioner was sentenced in 1999 as a second felony offender and, therefore, was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a). Where a statute mandates the imposition of a consecutive sentence, the sentencing court is deemed to have imposed the consecutive sentence the law requires—even in the absence of a judicial pronouncement to that effect (*see People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009]). Under these circumstances, we discern no error in the computation of petitioner's sentence (*see Matter of Grey v Fischer*, 63 AD3d 1431 [2009]; *People ex rel. Taylor v Brown*, 62 AD3d 1063, 1064 [2009]). Accordingly, Supreme Court's judgment is reversed and the petition is dismissed.

Cardona, P.J., Peters, Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.