In the Matter of LAWRENCE BROWN, Respondent, v ANTHONY BOUCAUD, as Superintendent of Altona Correctional Facility, Appellant. [886 NYS2d 254]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered January 9, 2009 in Clinton County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Department of Correctional Services calculating petitioner's prison sentence.

In April 2004, petitioner was sentenced as a second felony offender to an aggregate prison term of 3½ to 7 years upon his convictions of robbery in the third degree, criminal possession of stolen property in the fourth degree and grand larceny in the fourth degree. Neither the sentence and commitment orders nor the sentencing minutes addressed the manner in which this sentence was to run relative to petitioner's prior undischarged prison terms. The Department of Correctional Services treated petitioner's 2004 sentence as running consecutively to his prior undischarged terms, prompting petitioner to commence a habeas corpus proceeding to challenge that computation and the legality of his continued incarceration. Supreme Court converted the matter to this CPLR article 78 proceeding and annulled the sentencing computation. This appeal by respondent followed.*

Where the sentencing court is required by statute to impose a consecutive sentence, it is deemed to have imposed the consecutive sentence the law requires—even in the absence of an express judicial directive to that effect (see *People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009]; *People ex rel. Nadal v Rivera*, 63 AD3d 1434 [2009]; *People ex rel. Lopez v Yelich*, 63 AD3d 1433

---

* Petitioner was released on parole in February 2009.

[2009]; *People ex rel. Driscoll v LaClair*, 63 AD3d 1364 [2009]). As a second felony offender, petitioner was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a) and, accordingly, we discern no error in the computation of his sentence (*see Matter of Grey v Fischer*, 63 AD3d 1431 [2009]; *People ex rel. Taylor v Brown*, 62 AD3d 1063, 1064 [2009]). Supreme Court's judgment is therefore reversed and the petition is dismissed.

Peters, J.P., Spain, Rose, Kane and Stein, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.