■ In the Matter of BRUCE LOPEZ, Respondent, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Appellants. [888 NYS2d 648]—

Appeal from a judgment of the Supreme Court (Egan, Jr., J.), entered October 7, 2008 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Department of Correctional Services calculating petitioner's prison sentence.

Petitioner was convicted of multiple felonies in 1981, 1984, 1987, 1993, 1996 and 2004 and was sentenced in each instance as a second felony offender to various terms of imprisonment. Petitioner's 1984 sentence and commitment order did not specify the manner in which that sentence was to run relative to the undischarged portion of petitioner's 1981 term, but it appears that respondent Department of Correctional Services (hereinafter respondent) initially treated those sentences as running concurrently—an error that was not corrected until 1999. Petitioner commenced this CPLR article 78 proceeding challenging respondent's decision to run his 1984 sentence consecutively to his 1981 sentence. Supreme Court annulled respondent's determination, prompting this appeal.

As the Court of Appeals has made clear, where a statute mandates the imposition of a consecutive sentence, the sentencing court "is deemed to have imposed the consecutive sentence the law requires" even if it fails to say so (*People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009], *cert denied sub nom. Gill v Rock*, 558 US —, 130 S Ct 86 [2009]). As a second felony offender, petitioner was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a)—under both the current statute and the statute as it existed in 1984 (*see* L 1978, ch 481, § 23)—and, therefore, respondent's calculation running petitioner's 1984 sentence as consecutive to the undischarged portion of his 1981 term was proper (*see People ex rel. Taylor v Brown*, 62 AD3d 1063, 1064 [2009]). Accordingly, Supreme Court's judgment is reversed and the petition is dismissed.

Peters, J.P., Rose, Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.