■ In the Matter of ERIN THURMOND, Respondent, v FRANCISCO RIVERA, as Superintendent of Wallkill Correctional Facility, et al., Appellants. [888 NYS2d 793]—

Appeal from a judgment of the Supreme Court (Cahill, J.), entered October 23, 2008 in Ulster County, which granted petitioner's application, in a proceeding pursuant to CPLR

article 78, to annul a determination of respondent Department of Correctional Services calculating petitioner's prison sentence.

Petitioner was sentenced in July 2004 as a second violent felony offender to an aggregate term of six years in prison, followed by five years of postrelease supervision, for attempted robbery in the second degree, robbery in the third degree and attempted robbery in the third degree. Additionally, petitioner was sentenced to a concurrent prison term of 3 to 6 years for criminal possession of a forged instrument in the second degree. Neither the sentencing minutes nor the respective sentence and commitment orders addressed the manner in which these sentences were to run relative to petitioner's prior undischarged prison term. Thus, respondent Department of Correctional Services calculated petitioner's 2004 sentences as running consecutively to his prior undischarged term, and petitioner commenced a habeas corpus proceeding to challenge that computation and the legality of his continued incarceration. Supreme Court converted the matter to this CPLR article 78 proceeding and annulled the sentencing calculation. Respondents now appeal.

When a statute mandates the imposition of a consecutive sentence, the sentencing court is deemed to have imposed the consecutive sentence the law requires—regardless of whether there is an express judicial directive to that effect (*see People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009], *cert denied sub nom. Gill v Rock*, 558 US —, 130 S Ct 86 [2009]; *People ex rel. Berman v Artus*, 63 AD3d 1436, 1437 [2009]; *People ex rel. Lopez v Yelich*, 63 AD3d 1433, 1434 [2009]; *People ex rel. Driscoll v LaClair*, 63 AD3d 1364, 1365 [2009]). Inasmuch as petitioner admittedly was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a), we perceive no error in the computation of his sentence (*see People ex rel. Taylor v Brown*, 62 AD3d 1063, 1064 [2009]). Accordingly, Supreme Court's judgment is reversed and the petition is dismissed.

Mercure, J.P., Rose, Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.