■ In the Matter of RENE DIOSSES, Respondent, v BRIAN FISCHER, as Commissioner of Correctional Services, Appellant. [888 NYS2d 791]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered December 12, 2008 in Franklin County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Department of Correctional Services calculating petitioner's prison sentence.

Petitioner was sentenced in October 2005 as a second felony offender to a prison term of 1½ to 3 years upon his conviction of criminal possession of stolen property in the fourth degree. Neither the sentencing minutes nor the sentence and commitment order specified whether such sentence was to run consecutively to or concurrently with petitioner's prior undischarged prison term. The Department of Correctional Services treated petitioner's 2005 sentence as running consecutively to his prior undischarged term, and petitioner thereafter commenced this CPLR article 78 proceeding to challenge that computation. Supreme Court annulled the sentencing determination and respondent now appeals.

Petitioner admittedly was sentenced as a second felony offender and, therefore, was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a). Where a statute mandates the imposition of a consecutive sentence, the sentencing court is deemed to have imposed the consecutive sentence the law requires—notwithstanding the court's silence on this point (*see People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009], *cert denied sub nom. Gill v Rock*, 558 US —, 130 S Ct 86 [2009]; *People ex rel. Berman v Artus*, 63 AD3d 1436, 1437 [2009]; *People ex rel. Lopez v Yelich*, 63 AD3d 1433, 1434 [2009]; *People ex rel. Driscoll v LaClair*, 63 AD3d 1364, 1365 [2009]). Accordingly, we perceive no error in the computation of petitioner's sentence (*see People ex rel. Lopez v Yelich*, 63 AD3d at 1434). Supreme Court's judgment is, therefore, reversed and the petition is dismissed.

Cardona, P.J., Peters, Kane, Stein and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.