■ In the Matter of JERMAINE PRESSLEY, Respondent, v RANDY JAMES, as Superintendent of Camp Georgetown Correctional Facility, et al., Appellants. [888 NYS2d 790]—

Appeal from a judgment of the Supreme Court (Garry, J.), entered December 2, 2008 in Madison County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Department of Correctional Services calculating petitioner's prison sentence.

In 2005, petitioner was sentenced as a second felony offender to a prison term of 2 to 4 years upon his conviction of robbery in the third degree. The sentence and commitment order, however, did not specify the manner in which this sentence was to run relative to petitioner's prior undischarged prison terms. Respondent Department of Correctional Services treated petitioner's 2005 sentence as running consecutively to his prior undischarged prison terms, prompting petitioner to commence a habeas corpus proceeding to challenge that computation and the legality of his continued incarceration. Supreme Court converted the matter to this CPLR article 78 proceeding and annulled the sentencing computation. Respondents now appeal.

Where a statute mandates the imposition of a consecutive sentence, the sentencing court is deemed to have imposed the consecutive sentence the law requires—regardless of whether it issues a specific directive to that effect (*see People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009], *cert denied sub nom. Gill v Rock*, 558 US —, 130 S Ct 86 [2009]; *People ex rel. Berman v Artus*, 63 AD3d 1436, 1437 [2009]; *People ex rel. Lopez v Yelich*, 63 AD3d 1433, 1434 [2009]; *People ex rel. Driscoll v LaClair*, 63 AD3d 1364, 1365 [2009]). As there is no dispute that petitioner was sentenced as a second felony offender and, hence, was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a), we discern no error in the computation of his sentence (*see People ex rel. Taylor v Brown*, 62 AD3d 1063, 1064 [2009]). Accordingly, Supreme Court's judgment is reversed and the petition is dismissed.

Peters, J.P., Rose, Kane, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.