■ In the Matter of JEFFREY GOODSON, Respondent, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Appellant. [889 NYS2d 310]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered October 2, 2008 in Franklin County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent calculating petitioner's prison sentence.

In 1983, 1993 and 2004, petitioner was sentenced as a second felony offender to various indeterminate terms of imprisonment following his conviction of, among other things, certain theft-related crimes. The 2004 sentence and commitment order contained the following notation: "Sentence of parole supervi-

---

sion if OK with [respondent]. Court has no objection of sentence to run concurrent with parole time." Beyond that, however, neither the 1993 nor the 2004 sentence and commitment order specified the manner in which the sentences imposed thereunder were to run relative to petitioner's prior undischarged prison terms. Thereafter, in 2007, petitioner was sentenced as a second felony offender to a prison term of 2 to 4 years upon his conviction of grand larceny in the fourth degree. The sentence and commitment order was silent as to whether the 2007 sentence was to run concurrently with or consecutively to petitioner's prior undischarged terms. Respondent treated petitioner's 1993, 2004 and 2007 sentences as running consecutively to his prior undischarged terms, prompting petitioner to commence this CPLR article 78 proceeding to challenge that computation. Supreme Court annulled the sentencing calculation and this appeal by respondent ensued.

Preliminarily, we reject petitioner's contention that the notation contained on the 2004 sentence and commitment order constituted a mandate by the sentencing court that the sentence imposed thereunder run concurrently with petitioner's prior undischarged terms.* Turning to the merits, there is no dispute that petitioner was sentenced as a second felony offender in 1993, 2004 and 2007 and, as such, was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a). Where, as here, a statute compels the sentencing court to impose a consecutive sentence, the court is deemed to have imposed the consecutive sentence the law requires—even in the absence of an express directive to that effect (*see People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009], *cert denied sub nom. Gill v Rock*, 558 US —, 130 S Ct 86 [2009]; *People ex rel. Berman v Artus*, 63 AD3d 1436, 1437 [2009]; *People ex rel. Lopez v Yelich*, 63 AD3d 1433, 1434 [2009]; *People ex rel. Driscoll v LaClair*, 63 AD3d 1364, 1365 [2009]). Accordingly, we discern no error in the computation of petitioner's sentence (*see People ex rel. Lopez v Yelich*, 63 AD3d at 1434). Supreme Court's judgment is, therefore, reversed and the petition is dismissed.

Cardona, P.J., Peters, Kane, Stein and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed. **[Prior Case History: 2008 NY Slip Op 32926(U).]**

---

* To the extent that petitioner claims he was denied the benefit of his plea bargain, he may seek whatever postconviction relief may be available via an appropriate CPL article 440 motion.