■ In the Matter of JAMES R. MALEK, Respondent, v̇ RANDY JAMES, as Superintendent of Camp Georgetown Correctional Facility, et al., Appellants. [888 NYS2d 801]—

Appeal from a judgment of the Supreme Court (Garry, J.), entered December 2, 2008 in Madison County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Department of Correctional Services calculating petitioner's prison sentence.

On March 3, 2004, petitioner was sentenced in Herkimer County as a second felony offender to concurrent prison terms of 3¹/₂ to 7 years upon his conviction of grand larceny in the third degree and criminal possession of stolen property in the third degree. The following day, petitioner was sentenced in Oneida County as a second felony offender to 2 to 4 years in prison upon his conviction of grand larceny in the third degree. Although the sentence and commitment orders specified that these sentences would run concurrently with each other, no mention was made as to whether the 2004 sentences would run concurrently with or consecutively to petitioner's prior undischarged prison term. Respondent Department of Correctional Services calculated the 2004 sentences as running consecutively to petitioner's prior undischarged term, prompting petitioner to commence a habeas corpus proceeding to challenge that computation and the legality of his continued incarceration. Petitioner was released to parole supervision in October 2008, following which Supreme Court converted the matter to this CPLR article 78 proceeding and annulled the sentencing calculation. This appeal by respondents ensued.

Preliminarily, petitioner's release to parole supervision does not render this proceeding moot, as the challenged sentencing calculation affects, among other things, petitioner's maximum expiration date (cf. People ex rel. Berman v Artus, 63 AD3d 1436, 1437 [2009]). Turning to the merits, there is no dispute that petitioner was sentenced as a second felony offender and, therefore, was subject to the sentencing provisions of Penal Law

§ 70.25 (2-a). Where a statute mandates the imposition of a consecutive sentence, the sentencing court is deemed to have imposed the consecutive sentence the law requires—regardless of whether it so specifies (*see People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009], *cert denied sub nom. Gill v Rock*, 558 US —, 130 S Ct 86 [2009]). Accordingly, we discern no error in the computation of petitioner's sentence (*see People ex rel. Lopez v Yelich*, 63 AD3d 1433, 1434 [2009]). Supreme Court's judgment is, therefore, reversed and the petition is dismissed.

Cardona, P.J., Peters, Lahtinen, Kane and Stein, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.