■ In the Matter of Randy S. Campney Sr., Respondent, v Bruce Yelich, as Superintendent of Bare Hill Correctional Facility, Appellant. [888 NYS2d 788]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered December 3, 2008 in Franklin County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Department of Correctional Services calculating petitioner's prison sentence.

In June 2003, petitioner was sentenced as a second felony offender to a prison term of 2 to 4 years upon his conviction of attempted criminal possession of a weapon in the third degree. Neither the sentence and commitment order nor the sentencing minutes specified the manner in which this sentence was to run relative to petitioner's prior undischarged prison terms. The Department of Correctional Services treated petitioner's 2003 sentence as running consecutively to his prior undischarged terms, prompting petitioner to commence a habeas corpus proceeding to challenge that computation and the legality of his continued incarceration. Supreme Court converted the matter to this CPLR article 78 proceeding and annulled the sentencing calculation. This appeal by respondent followed.

There is no dispute that petitioner was sentenced in 2003 as a second felony offender and, therefore, was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a). Where, as here, a statute compels the sentencing court to impose a consecutive sentence, the court is deemed to have imposed the sentence required by law—even in the absence of a particular directive to that effect (*see People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009], *cert denied sub nom. Gill v Rock*, 558 US —, 130 S Ct 86 [2009]; *People ex rel. Berman v Artus*, 63 AD3d 1436, 1437 [2009]; *People ex rel. Lopez v Yelich*, 63 AD3d 1433, 1434 [2009]; *People ex rel. Driscoll v LaClair*, 63 AD3d 1364, 1365 [2009]). Accordingly, we discern no error in the computation of petitioner's sentence (*see Matter of Grey v Fischer*, 63 AD3d 1431, 1432 [2009]).* Supreme Court's judgment is, therefore, reversed and the petition is dismissed.

Cardona, P.J., Peters, Lahtinen, Kane and Stein, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.

---

* To the extent that petitioner contends he was denied the benefit of his plea bargain, his remedy is to seek whatever postconviction relief may be available in the form of an appropriate CPL article 440 motion.