In the Matter of Brian J. Boyle, Respondent, v Francisco Rivera, as Superintendent of Wallkill Correctional Facility, Appellant. [888 NYS2d 796]—

Appeal from a judgment of the Supreme Court (Work, J.), entered January 21, 2009 in Ulster County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Department of Correctional Services calculating petitioner's prison sentence.

In October 2002, petitioner was sentenced as a second felony offender to concurrent prison terms of 2½ to 5 years upon his conviction of grand larceny in the third degree, robbery in the third degree and reckless endangerment in the first degree. Thereafter, in December 2002, petitioner was sentenced as a second felony offender to six years in prison followed by five years of postrelease supervision upon his conviction of robbery in the second degree. Although the amended sentence and commitment order and the December 2002 sentencing minutes indicated that all of petitioner's 2002 sentences were to run concurrently with one another, no mention was made in any of the relevant documents as to the manner in which the 2002 sentences were to run relative to petitioner's prior undischarged prison terms. The Department of Correctional Services treated petitioner's 2002 sentences as running consecutively to his prior

undischarged terms, prompting petitioner to commence a habeas corpus proceeding to challenge that computation and the legality of his continued incarceration. Supreme Court converted the matter to this CPLR article 78 proceeding and annulled the sentencing calculation. This appeal by respondent ensued.

Preliminarily, petitioner's conditional release to parole supervision in March 2009 does not render this proceeding moot, as the challenged sentencing calculation affects, among other things, petitioner's maximum expiration date (*cf. People ex rel. Berman v Artus*, 63 AD3d 1436, 1437 [2009]). Turning to the merits, there is no dispute that petitioner was sentenced in 2002 as a second felony offender and, as such, was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a). Where, as here, a statute mandates the imposition of a consecutive sentence, the sentencing court is deemed to have imposed the consecutive sentence the law requires—regardless of whether it issues an express pronouncement to that effect (*see People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009], *cert denied sub nom. Gill v Rock*, 558 US —, 130 S Ct 86 [2009]; *People ex rel. Young v Artus*, 63 AD3d 1488, 1489 [2009]; *People ex rel. Berman v Artus*, 63 AD3d at 1437; *People ex rel. Hunter v Yelich*, 63 AD3d 1424, 1425 [2009]). Accordingly, we discern no error in the computation of petitioner's sentence (*see People ex rel. Lopez v Yelich*, 63 AD3d 1433, 1434 [2009]). Supreme Court's judgment is, therefore, reversed and the petition is dismissed.

Mercure, J.P., Kavanagh, Stein, McCarthy and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.