■ The People of the State of New York ex rel. Mark Coleman, Appellant, v David Napoli, as Superintendent of Southport Correctional Facility, Respondent. [889 NYS2d 876]—

In December 1997, petitioner was sentenced, as a second felony offender, to a prison term of 4½ to 9 years for his conviction of criminal sale of a controlled substance in the third

---

* Defendant did not seek an adjournment to secure her own experts or more fully respond to the expert opinions.

degree. In March 2003, while on parole, petitioner was convicted of attempted criminal sale of a controlled substance in the third degree and sentenced, again as a second felony offender, to a prison term of 3 to 6 years. The sentencing court was silent about whether the new sentence was to run consecutively to or concurrently with the undischarged sentence imposed in 1997. The Department of Correctional Services calculated the sentences as running consecutively and set petitioner's maximum expiration date at September 6, 2014. Petitioner, thereafter, commenced this CPLR article 70 proceeding to challenge that computation. Supreme Court dismissed petitioner's application and he now appeals.

We affirm. The record reflects that petitioner was sentenced in March 2003 as a second felony offender pursuant to Penal Law § 70.06 and, as such, Penal Law § 70.25 (2-a) requires that his 2003 sentence be served consecutively to the undischarged portion of his 1997 sentence (*see People ex rel. Gill v Greene*, 12 NY3d 1, 6 [2009], *cert denied sub nom. Gill v Rock*, 558 US —, 130 S Ct 86 [2009]; *People ex rel. Lopez v Yelich*, 63 AD3d 1433, 1434 [2009]). Therefore, there was no error in the Department's computation, despite the fact that the sentencing court was silent on the issue (*see People ex rel. Nadal v Rivera*, 63 AD3d 1434, 1435 [2009]; *People ex rel. Lopez v Yelich*, 63 AD3d at 1434).

Cardona, P.J., Spain, Kane, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.