THE PEOPLE OF THE STATE OF NEW YORK ex rel. GERALD BAKER, Appellant, v PETER D. BEHRLE, as Superintendent of Greene Correctional Facility, Respondent. [891 NYS2d 683]—

In March 2007, petitioner was sentenced to a term of imprisonment of 1½ to 3 years upon his conviction of grand larceny in the fourth degree, with the sentence to run nunc pro tunc from September 27, 2006. Neither the sentence and commitment orders nor the sentencing minutes addressed the manner in which this sentence was to run relative to petitioner's prior undischarged prison terms. The Department of Correctional Services treated petitioner's 2007 sentence as running consecutively to his prior uncharged terms, prompting petitioner to commence this habeas corpus proceeding to challenge that

computation and the legality of his continued incarceration. Supreme Court dismissed the petition on the ground that petitioner had not demonstrated that he was entitled to immediate release from custody. This appeal ensued.

We affirm the dismissal of the petition, albeit on a different ground than that expressed by Supreme Court. A review of the record confirms that petitioner was sentenced in 2007 as a second felony offender and, therefore, was subject to the consecutive sentence provisions of Penal Law § 70.25 (2-a). Where a sentencing court is required by statute to impose a consecutive sentence, it is deemed to have imposed the consecutive sentence the law requires—even in the absence of a judicial pronouncement to that effect (*see People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009], *cert denied sub nom. Gill v Rock*, 558 US —, 130 S Ct 86 [2009]; *People ex rel. Hunter v Yelich*, 63 AD3d 1424, 1425 [2009]). Accordingly, we discern no error in the computation of petitioner's sentence (*see Matter of Grey v Fischer*, 63 AD3d 1431, 1432 [2009]). As the sentencing court was statutorily required to impose the 2007 sentence to run consecutively to his undischarged prison terms, petitioner's contention—that the court, by ordering the 2007 sentence to run nunc pro tunc from September 26, 2007, intended for the sentence to run concurrent to his undischarged prison terms—is without merit.

Peters, J.P., Spain, Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.