■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RAY WIL-
LIAMS, Respondent, v ANTHONY ANNUCCI, Deputy Commissioner,
New York State Department of Correctional Services, Appellant.
[894 NYS2d 806]—

Appeal from a judgment (denominated order and judgment)
of the Supreme Court, Oneida County (Bernadette T. Romano,
J.), entered October 20, 2008. The judgment, insofar as appealed
from, granted the petition pursuant to CPLR article 78 and
directed the New York State Department of Correctional Ser-
vices to recalculate petitioner's prison term.

It is hereby ordered that the judgment insofar as appealed
from is unanimously reversed on the law without costs and the
petition is dismissed.

Memorandum: Petitioner commenced this proceeding seeking
a writ of habeas corpus on the ground that the sentences he
was serving should run concurrently because the sentencing
court did not order them to run consecutively. In 1993 petitioner
was convicted of two counts of burglary in the second degree
and was sentenced to concurrent terms of imprisonment of 3 to
6 years on each count. In 1999 he again was convicted of two
counts of burglary in the second degree and was sentenced to
concurrent terms of imprisonment of 4 to 8 years on each count.
Pursuant to Penal Law § 70.25 (2-b), the Department of Cor-
rectional Services (DOCS) calculated the sentences imposed for
the 1999 conviction to run consecutively to the sentences
imposed for the 1993 conviction. Supreme Court agreed with
petitioner that the sentences he received for the 1999 conviction
must run concurrently with the sentences he received for the
1993 conviction. Because petitioner was not entitled to immedi-
ate release, however, the court converted the proceeding to one
pursuant to CPLR article 78 and directed DOCS to recalculate
petitioner's prison term. Respondent appeals, contending that
DOCS properly calculated the sentences imposed for petitioner's
1999 and 1993 convictions to run consecutively pursuant to
Penal Law § 70.25 (2-b). We agree, and we therefore reverse the
judgment insofar as appealed from and dismiss the petition.

Section 70.25 (2-b) provides that "[w]hen a person is convicted
of a violent felony offense committed after arraignment and
while released on recognizance or bail, but committed prior to
the imposition of sentence on a pending felony charge, and if an
indeterminate . . . sentence of imprisonment is imposed in each
case, such sentences shall run consecutively." The statute fur-

ther provides that a sentencing court may, in the interest of justice, order the sentences to run concurrently under certain circumstances, but it must "make a statement on the record of the facts and circumstances upon which such determination is based" (*id.*). It is undisputed that the sentencing court for the 1999 conviction did not address the issue whether the sentences imposed for that conviction were to run consecutively to or concurrently with the sentences imposed for the 1993 conviction.

In determining that the judgment insofar as appealed from must be reversed, we note the statement of the Court of Appeals that "[i]n enacting the consecutive sentencing *mandate* of Penal Law § 70.25 (2-b), the Legislature plainly sought to combat violent criminal activity by requiring longer and stricter sentences for additional violent felonies committed while a felon was allowed to be free on recognizance or bail" (*People v Garcia*, 84 NY2d 336, 341 [1994] [emphasis added]). The Court of Appeals has thereafter stated that "when a court is required by statute to impose a sentence that is consecutive to another, and the court does not say whether its sentence is consecutive or concurrent, it is deemed to have imposed the consecutive sentence the law requires" (*People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009], *cert denied sub nom. Gill v Rock*, 558 US —, 130 S Ct 86 [2009]).

The court here concluded that Penal Law § 70.25 (2-b) could not apply because that subdivision "was not exempted out of the requirements of section 70.25 (1)." Section 70.25 (1) provides that, as a general rule, sentences "shall run either concurrently or consecutively with respect to each other and the undischarged term or terms in such manner as the court directs at the time of sentence." If the court fails to specify the manner in which the sentence is to run, the default rule is that the sentence will run concurrently with all other terms (§ 70.25 [1] [a]). As the court correctly noted, subdivision (2-b) is not included in the opening clause of section 70.25 (1), which sets forth the exceptions to the applicability of section 70.25 (1). We conclude, however, that the omission of subdivision (2-b) in that opening clause was simply a legislative oversight. Although the Legislature amended the opening clause to include subdivision (2-a) when that subdivision was added in 1978 (*see* L 1978, ch 481, §§ 22, 23) and to include subdivision (5) when that subdivision was added in 1981 (*see* L 1981, ch 372, §§ 1, 2), it neglected to do so when it added subdivision (2-b) in 1982 (*see* L 1982, ch 559, § 1), and when it added subdivisions (2-c) through (2-g) in later years. It is apparent, however, that the legislative intent

was to require consecutive sentences under subdivision (2-b) where the court failed to make an explicit determination with respect thereto (*see generally* McKinney's Cons Laws of NY, Book 1, Statutes § 92; *People v Santi*, 3 NY3d 234, 243 [2004]). The default rule pursuant to subdivision (1) (a) that sentences run concurrently where the court does not specify otherwise does not apply in this case because subdivision (2-b) mandates consecutive sentences, absent mitigating circumstances that the court did not find here (*see generally Gill*, 12 NY3d at 6). Present—Smith, J.P., Centra, Fahey, Green and Pine, JJ.