■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHARMON WADE, Also Known as SHARMON HOWELL, Appellant. [38 NYS3d 425]—

Judgment, Supreme Court, New York County (Michael J. Obus, J.), rendered July 20, 2011, convicting defendant, upon his plea of guilty, of grand larceny in the second degree (nine counts), grand larceny in the third degree (six counts), securities fraud (15 counts), grand larceny in the fourth degree, scheme to defraud in the first degree and failing to file a tax return, and sentencing him to an aggregate term of 9 to 18 years, unanimously affirmed.

Defendant's plea was not rendered involuntary by the fact that the court did not apprise defendant that, by operation of law, the nine months he served in federal custody between imposition of his concurrent federal and state sentences would not be credited against the maximum term of his state sentence. Where the relationship between sentences is dictated by statute and the court has no choice, its silence on the issue is simply deemed compliance with the statute (*People ex rel. Gill v Greene*, 12 NY3d 1, 6 [2009], *cert denied sub nom. Gill v Rock*, 558 US 837 [2009]). The court did not promise defendant that any particular time would be credited against his maximum sentence. It promised only that its sentence would run concurrently with the federal sentence, which it did, and defendant received credit for the nine months at issue, albeit on his minimum sentence, as opposed to his maximum, in accordance with the applicable statute.

We perceive no basis for reducing the sentence. Concur—Renwick, J.P., Richter, Manzanet-Daniels, Feinman and Kapnick, JJ.