THE PEOPLE OF THE STATE OF NEW YORK ex rel. VICTOR HARDY, Also Known as DEAN MONDAY, Appellant, v DAVID

NAPOLI, as Superintendent of Southport Correctional Facility, Respondent. [885 NYS2d 376]—

Appeal from a judgment of the Supreme Court (O'Shea, J.), entered November 5, 2008 in Chemung County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

In 1990, petitioner was convicted of the crime of attempted burglary in the second degree and was sentenced to 1 to 3 years in prison. He was paroled, but thereafter was convicted in 1992 of two counts of rape in the first degree for which he was sentenced as a second violent felony offender to concurrent prison terms of 11 to 22 years. The sentencing commitments did not indicate the manner in which the 1992 sentences were to run with respect to the 1990 sentence. The Department of Correctional Services (hereinafter DOCS) determined that petitioner's 1992 sentences ran consecutively to his prior sentence and calculated his maximum expiration date on this basis. Petitioner commenced this CPLR article 70 proceeding for a writ of habeas corpus challenging his time computation, asserting that DOCS was without authority to direct the manner in which his sentences should run and that, as a result, they must run concurrently pursuant to Penal Law § 70.25 (1). Supreme Court denied the petition without a hearing and this appeal ensued.

We affirm. Penal Law § 70.25 (2-a) provides that where a defendant is sentenced as a second violent felony offender pursuant to Penal Law § 70.04 and there remains a prior undischarged indeterminate term of imprisonment imposed prior to the date on which the most recent crime was committed, a sentence that is consecutive to the undischarged sentence must be imposed. Significantly, the Court of Appeals has ruled that if the sentencing court has not specified the manner in which a subsequent sentence is to run vis-à-vis a previous sentence, the sentence must be deemed to run consecutively pursuant to the statute (see People ex rel. Gill v Greene, 12 NY3d 1, 6 [2009]). Accordingly, DOCS acted well within its authority in running the sentences consecutively when computing petitioner's time assessment,* and Supreme Court properly denied the petition.

---

* We note that to the extent that one of the 1992 crimes was committed prior to the date on which defendant was sentenced for the 1990 crime, the sentence for such crime must run concurrently with the sentence for the 1990 crime (see Penal Law § 70.25 [1] [a]). This, however, does not affect petitioner's

1410

Mercure, J.P., Spain, Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.

time computation given that the other 1992 crime was committed after the date on which defendant was sentenced for the 1990 crime and the sentence for this crime is deemed to run consecutive to the sentence for the 1990 crime (see Penal Law § 70.25).