The PEOPLE OF THE STATE OF NEW YORK ex rel. HERBERT GANNON, Respondent, v LAWRENCE SEARS, as Superintendent of Ogdensburg Correctional Facility, et al., Appellants. [886 NYS2d 260]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered December 29, 2008 in St. Lawrence County, which granted petitioner's application, in a proceeding pursuant to CPLR article 70, and discharged petitioner.

Petitioner was convicted in 1997 of robbery in the third degree and sentenced as a second felony offender to a prison term of 3 to 6 years. The commitment order was silent as to whether such term was to run concurrently with or consecutively to petitioner's prior undischarged prison terms. Respondent Department of Correctional Services calculated petitioner's 1997 sentence as running consecutively to his prior undischarged terms, prompt-

ing him to commence this CPLR article 70 proceeding challenging that computation and the legality of his continued incarceration. Supreme Court granted petitioner's application and ordered his release from custody. This appeal by respondents ensued.

There is no dispute that petitioner was sentenced in 1997 as a second felony offender and, therefore, was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a). Where a sentencing court is required by statute to impose a consecutive sentence, it is deemed to have imposed the consecutive sentence the law requires—even in the absence of an express judicial directive to that effect (*see People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009]; *People ex rel. Nadal v Rivera*, 63 AD3d 1434 [2009]; *People ex rel. Hunter v Yelich*, 63 AD3d 1424 [2009]; *People ex rel. Driscoll v LaClair*, 63 AD3d 1364 [2009]). We therefore discern no error in the computation of petitioner's sentence (*see Matter of Grey v Fischer*, 63 AD3d 1431 [2009]; *People ex rel. Taylor v Brown*, 62 AD3d 1063, 1064 [2009]). Accordingly, Supreme Court's judgment is reversed and the petition is dismissed.

Spain, J.P., Rose, Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.