■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ABDUL OLUSHESI, Appellant, v JOSEPH T. SMITH, as Superintendent of Shawangunk Correctional Facility, Respondent. [892 NYS2d 921]—

Appeal from a judgment of the Supreme Court (O'Connor, J.), entered May 12, 2009 in Ulster County, which dismissed petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

In 1994, petitioner was convicted of assault in the first degree and was sentenced to 5 to 15 years in prison. He was subsequently released to parole supervision. In 2007, he was convicted of criminal possession of a controlled substance in the second degree and was sentenced as a second felony offender to eight years in prison to be followed by five years of postrelease supervision. The sentencing court, however, did not specify the manner in which the 2007 sentence was to run vis-á-vis the

unexpired term of petitioner's 1994 sentence. The Department of Correctional Services determined that such sentences were to run consecutively to one another. Petitioner, in turn, commenced this proceeding for a writ of habeas corpus challenging the Department's imposition of consecutive sentences. Supreme Court dismissed the petition without a hearing and this appeal ensued.

We affirm. Initially, we note that, as a second felony offender, petitioner was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a) (*see People ex rel. Gannon v Sears*, 66 AD3d 1100 [2009]). "[T]he Court of Appeals has ruled that if the sentencing court has not specified the manner in which a subsequent sentence is to run vis-á-vis a previous sentence, the sentence must be deemed to run consecutively pursuant to the statute" (*People ex rel. Hardy v Napoli*, 65 AD3d 1408, 1409 [2009]; *see People ex rel. Gill v Greene*, 12 NY3d 1, 6 [2009], *cert denied sub nom. Gill v Rock*, 558 US —, 130 S Ct 86 [2009]; *People ex rel. Taylor v Brown*, 62 AD3d 1063, 1064 [2009]). In view of this, the Department was authorized to impose consecutive sentences here. Consequently, Supreme Court properly dismissed petitioner's application.

Mercure, J.P., Rose, Malone Jr., Stein and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.