■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. SCOTT MEBANE, Appellant, v DARWIN E. LACLAIR, as Superintendent of Franklin Correctional Facility, Respondent. [892 NYS2d 810]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered February 19, 2009 in Franklin County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

In 2007, petitioner was convicted of, among other things, criminal possession of a controlled substance in the third degree and assault in the second degree. He was sentenced as a second felony offender to $3^{1}/_{2}$ years in prison to be followed by three years of postrelease supervision on the charge of criminal possession of a controlled substance in the third degree, and to five years in prison to be followed by five years of postrelease supervision on the charge of assault in the second degree. These sentences were to run concurrently with each other, but the commitment order did not specify the manner in which they were to run with respect to petitioner's prior undischarged terms of imprisonment. The Department of Correctional Services determined that these sentences were to run consecutive to petitioner's prior undischarged terms of imprisonment. Petitioner then commenced this CPLR article 70 proceeding challenging this determination. Supreme Court denied petitioner's application and, this appeal ensued.

We affirm. As a second felony offender (*see* Penal Law § 70.06), petitioner was subject to the provisions of Penal Law § 70.25 (2-a) which provide that a newly imposed sentence shall run consecutive to a prior undischarged term of imprisonment. This is the case regardless of an explicit instruction by the sentencing court, as the Court of Appeals has ruled that, pursuant to the statute, the sentence is deemed to run consecutively (*see People ex rel. Gill v Greene*, 12 NY3d 1, 6 [2009], *cert denied sub nom. Gill v Rock*, 558 US —, 130 S Ct 86 [2009]; *People ex rel. Hardy v Napoli*, 65 AD3d 1408, 1409 [2009]). In view of this, the Department of Correctional Services acted well within its

authority in computing petitioner's time assessment. Inasmuch as this does not provide a basis for habeas corpus relief, Supreme Court properly denied petitioner's application.

Cardona, P.J., Peters, Rose, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.