■ In the Matter of ANSELMO SOTO, JR., Appellant, v BRIAN FISCHER, Respondent. [875 NYS2d 809]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Correctional Services dated June 25, 2007, which, in effect, calculated the sentence of imprisonment that was imposed upon the petitioner on December 4, 1987, as running consecutively to certain sentences previously imposed, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Pagones, J.), dated November 28, 2007, which, in effect, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

In 1987 the petitioner was sentenced, as a persistent felony offender, to an indeterminate prison term of 25 years to life, upon his conviction of conspiracy in the second degree. The sentencing minutes and the order of commitment were silent as to whether the sentence was to run concurrently with or consecutively to sentences previously imposed upon the

petitioner in 1981 and 1984. The New York State Department of Correctional Services (hereinafter the DOCS) subsequently determined that the petitioner's 1987 sentence was to run consecutively to his 1981 and 1984 sentences, and the petitioner commenced this CPLR article 78 proceeding, seeking to annul that determination.

Contrary to the petitioner's contention, the DOCS did not exceed its authority in determining that his sentences must run consecutively, pursuant to the mandatory provisions of Penal Law § 70.25 (2-a) (*see People ex rel. Gill v Greene*, 12 NY3d 1 [2009]). Accordingly, the Supreme Court properly, in effect, denied the petition and dismissed the proceeding. Prudenti, P.J., Dillon, Covello and Leventhal, JJ., concur.