■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANDREW STYLES, Respondent, v CALVIN O. RABSATT, as Superintendent of Riverview Correctional Facility, Appellant. [879 NYS2d 735]—

Garry, J. Appeal from a judgment of the Supreme Court (Feldstein, J.), entered October 2, 2008 in St. Lawrence County, which granted petitioner's application, in a proceeding pursuant to CPLR article 70, and discharged petitioner.

In 1977, petitioner was sentenced as a second felony offender to an aggregate prison term of 15 to 30 years following his convictions of robbery in the first degree and robbery in the second degree. Following his release on parole, petitioner committed another crime and, in 1987, was convicted of robbery in the second degree and sentenced as a second violent felony of-

fender to 7½ to 15 years in prison. Both the commitment order and the sentencing minutes were silent as to the manner in which the 1987 sentence was to run relative to the undischarged portion of petitioner's 1977 sentences.

The Department of Correctional Services thereafter calculated petitioner's 1987 sentence as running consecutively to the undischarged portion of his 1977 sentences, prompting petitioner to commence this proceeding pursuant to CPLR article 70 to challenge that computation and the legality of his continued incarceration. Supreme Court granted petitioner's application and ordered that he be released. This appeal by respondent ensued.

There is no dispute that petitioner was sentenced in 1987 as a second violent felony offender and, therefore, was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a). Where, as here, the sentencing court is required to impose a consecutive sentence pursuant to such statute, "it is deemed to have imposed the consecutive sentence the law requires" (*People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009])—even in the absence of an express judicial directive to that effect (*see id.* at 6). We therefore discern no error in the computation of petitioner's sentence (*see People ex rel. Taylor v Brown*, 62 AD3d 1063, 1064 [2009]; *Matter of McMoore v Fischer*, 61 AD3d 1187, 1188 [2009]). Accordingly, Supreme Court's judgment is reversed and the petition is dismissed.

Cardona, P.J., Rose, Kane and McCarthy, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.