THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDDIE HUNTER, Respondent, v BRUCE YELICH, as Superintendent of Bare Hill Correctional Facility, Appellant. [880 NYS2d 584]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Feldstein, J.), entered January 28, 2009 in Franklin County, which granted petitioner's application, in a proceeding pursuant to CPLR article 70, and discharged petitioner.

In 1986, petitioner was convicted of two counts of robbery in the second degree and sentenced to an aggregate term of 7 to 21 years in prison. Petitioner was convicted of robbery in the second degree and robbery in the third degree in 1987 and sentenced to a prison term of 2¹/₃ to 7 years, said sentence to run concurrently with the 1986 sentence (hereinafter collectively referred to as the 1986 sentences). Following his release on parole, petitioner committed another crime and, in 1997, was

sentenced as a second felony offender to a prison term of 3 to 6 years for his conviction of robbery in the third degree. The 1997 sentencing minutes made no mention of whether such sentence was to run consecutively to or concurrently with the 1986 sentences previous imposed. Petitioner again was released to parole and again committed another crime, as a result of which he was sentenced in 2001 as a second felony offender to a prison term of 1¹/₂ to 3 years upon his conviction of grand larceny in the fourth degree. The 2001 sentencing minutes also were silent as to the manner in which such sentence was to run relative to petitioner's prior undischarged terms.

The Department of Correctional Services calculated petitioner's 1997 sentence as running consecutively to the undischarged portion of his 1986 sentences and his 2001 sentence as consecutive to all prior undischarged terms (see Penal Law § 70.25 [2-a]), prompting petitioner to commence this proceeding pursuant to CPLR article 70 to challenge that computation and the legality of his continued incarceration. Supreme Court granted petitioner's application and ordered that he be released, and respondent's subsequent motion for a stay pending appeal was granted by this Court.

There is no dispute that petitioner was sentenced in 1997 and 2001 as a second felony offender and, therefore, was subject to the provisions of Penal Law § 70.25 (2-a). To that end, the Court of Appeals has held that where, as here, the sentencing court is required to impose a consecutive sentence pursuant to Penal Law § 70.25 (2-a), "it is deemed to have imposed the consecutive sentence the law requires" (People ex rel. Gill v Greene, 12 NY3d 1, 4 [2009])—regardless of whether it actually specifies that such sentence is consecutive (id. at 6). Under these circumstances, we discern no error in the computation of petitioner's sentence (see Matter of McMoore v Fischer, 61 AD3d 1187, 1188 [2009]; Matter of Soto v Fischer, 60 AD3d 1074 [2009]). Accordingly, Supreme Court's judgment is reversed and the petition is dismissed.

Peters, J.P., Rose, Stein and McCarthy, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.