■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIE GATHERS, Respondent, v DALE ARTUS, as Superintendent of Clinton Correctional Facility, Appellant. [880 NYS2d 586]—

Rose, J. Appeal from a judgment of the Supreme Court (Feldstein, J.), entered January 29, 2009 in Clinton County, which granted petitioner's application, in a proceeding pursuant to CPLR article 70, and discharged petitioner.

In 1981 and 1987, petitioner was convicted of various crimes and indeterminate sentences of imprisonment were imposed. Following his release on parole, petitioner was convicted of attempted arson in the third degree and sentenced as a second felony offender to a prison term of 3½ to 7 years. Neither the commitment order nor the sentencing minutes made any mention as to the manner in which petitioner's sentence was to run relative to his prior undischarged terms.

The Department of Correctional Services thereafter calculated petitioner's sentences as running consecutively (*see* Penal Law § 70.25 [2-a]), prompting petitioner to commence this proceeding pursuant to CPLR article 70 to challenge those calculations and the legality of his continued incarceration. Supreme Court

granted petitioner's application and ordered that he be released from custody. This appeal by respondent ensued.

There is no dispute that petitioner is subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a), and "when a court is required by statute to impose a sentence that is consecutive to another, and the court does not say whether its sentence is consecutive or concurrent, it is deemed to have imposed the consecutive sentence the law requires" (*People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009]). We therefore discern no error in the computation of petitioner's sentence (*see People ex rel. Taylor v Brown*, 62 AD3d 1063, 1064 [2009]; *Matter of Mc-Moore v Fischer*, 61 AD3d 1187, 1188 [2009]). Accordingly, Supreme Court's judgment is reversed and the petition is dismissed.

Mercure, J.P., Kane, Kavanagh and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.