■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ERNEST YOUNG, Respondent, v DALE ARTUS, as Superintendent of Clinton Correctional Facility, et al., Appellants. [880 NYS2d 592]—

Stein, J. Appeal from a judgment of the Supreme Court (Feldstein, J.), entered December 24, 2008 in Clinton County, which granted petitioner's application, in a proceeding pursuant to CPLR article 70, and discharged petitioner.

In 1998, petitioner was sentenced to a seven-year prison term upon his conviction of robbery in the second degree. Petitioner was conditionally released in 2004 and, on his first day of release, committed another crime and was thereafter convicted as an armed felon of robbery in the first degree and sentenced as a second violent felony offender to a prison term of 10 years followed by five years of postrelease supervision. The sentencing court made no mention as to whether petitioner's 2005 sentence would run consecutively to or concurrently with the undischarged portion of his 1998 sentence.

Respondent Department of Correctional Services (hereinafter

DOCS), relying upon Penal Law § 70.25 (2-a), calculated petitioner's sentences as running consecutively. Petitioner thereafter commenced this CPLR article 70 proceeding challenging DOCS's computation of his sentence and the legality of his incarceration. Supreme Court granted petitioner's application and this appeal by respondents ensued.*

Following Supreme Court's determination, the Court of Appeals ruled that where, as here, the sentencing court is required by statute to impose a consecutive sentence (see Penal Law § 70.25 [2-a]), "and the court does not say whether its sentence is consecutive or concurrent, it is deemed to have imposed the consecutive sentence the law requires" (People ex rel. Gill v Greene, 12 NY3d 1, 4 [2009]). As there is no dispute that petitioner was subject to the sentencing provisions of Penal Law § 70.25 (2-a), DOCS committed no error in calculating petitioner's sentence (see Matter of McMoore v Fischer, 61 AD3d 1187, 1188 [2009]). Accordingly, Supreme Court's judgment is reversed and the petition is dismissed.

Mercure, J.P., Peters, Malone Jr. and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.

---

* This Court granted respondents' subsequent motion for a stay pending appeal.