██ In the Matter of HERBERT LONG, Respondent, v FRANCES WOODRUFF, as Inmate Records Coordinator of Shawangunk Correctional Facility, et al., Appellants. [885 NYS2d 443]—

Appeal from a judgment of the Supreme Court (Egan Jr., J.), entered October 3, 2008 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Department of Correctional Services calculating petitioner's prison sentence.

In July 2004, petitioner was sentenced as a second felony offender to prison terms of 25 years for manslaughter in the first degree and 10 years for robbery in the first degree, said sentences to run consecutively to one another, followed by five years of postrelease supervision. Neither the original sentence and commitment order nor the two amendments thereto specified whether petitioner's 2004 sentence was to run consecutively to or concurrently with a prior undischarged prison term.* The Department of Correctional Services (hereinafter DOCS)

---

* The original sentence and commitment order was amended in May 2006 to vacate the previously imposed DNA registration fee. It was not until the

calculated petitioner's 2004 sentence as running consecutively to his prior undischarged prison term, prompting petitioner to commence this CPLR article 78 proceeding to challenge that computation. Supreme Court annulled the determination and ordered DOCS to recompute petitioner's sentence. This appeal by respondents ensued.

Where a statute mandates the imposition of a consecutive sentence, the sentencing court is deemed to have imposed the consecutive sentence the law requires—even in the absence of a judicial pronouncement to that effect (*see People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009]; *People ex rel. Gathers v Artus*, 63 AD3d 1435 [2009]; *People ex rel. Hunter v Yelich*, 63 AD3d 1424 [2009]; *People ex rel. Styles v Rabsatt*, 63 AD3d 1365 [2009]). As a second felony offender, petitioner was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a) and, therefore, we perceive no error in DOCS's computation of his sentence (*see Matter of Grey v Fischer*, 63 AD3d 1431 [2009]; *People ex rel. Taylor v Brown*, 62 AD3d 1063, 1064 [2009]). Petitioner's remaining contentions, to the extent not expressly addressed, have been examined and found to be lacking in merit.

Cardona, P.J., Mercure, Spain, Kavanagh and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.

second amended order was issued in December 2007 that petitioner's status as a second felony offender was referenced. Petitioner does not dispute, however, that he indeed is a second felony offender.