■ In the Matter of GERRARD BLAKE, Respondent, v JOSEPH T. SMITH, as Superintendent of Shawangunk Correctional Facility, Appellant. [886 NYS2d 251]—

Appeal from a judgment of the Supreme Court (Cahill, J.), entered December 17, 2008 in Ulster County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Department of Correctional Services computing petitioner's prison sentence.

In January 2004, petitioner was sentenced as a second felony offender to a prison term of 2¼ to 4½ years upon his conviction of promoting prostitution in the third degree. The sentence

and commitment order failed to specify whether this sentence would run consecutively to or concurrently with petitioner's prior undischarged prison term. The Department of Correctional Services calculated petitioner's 2004 sentence as running consecutively to his prior undischarged prison term, prompting petitioner to commence a habeas corpus proceeding to challenge that calculation and the legality of his continued incarceration. Supreme Court converted the matter to a proceeding pursuant to CPLR article 78 and annulled the sentencing computation. This appeal by respondent ensued.*

Petitioner was sentenced in 2004 as a second felony offender and was therefore subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a). Where a statute mandates the imposition of a consecutive sentence, the sentencing court is deemed to have imposed the consecutive sentence the law requires—even in the absence of an express judicial pronouncement to that effect (*see People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009]; *People ex rel. Gathers v Artus*, 63 AD3d 1435 [2009]; *People ex rel. Hunter v Yelich*, 63 AD3d 1424 [2009]; *People ex rel. Styles v Rabsatt*, 63 AD3d 1365 [2009]). Under these circumstances, we discern no error in the computation of petitioner's sentence (*see Matter of Grey v Fischer*, 63 AD3d 1431 [2009]; *People ex rel. Taylor v Brown*, 62 AD3d 1063, 1064 [2009]). Accordingly, Supreme Court's judgment is reversed and the petition is dismissed.

Mercure, J.P., Lahtinen, Kane, McCarthy and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.

* Although petitioner was conditionally released on August 6, 2009, this matter is not moot because his challenge to the sentencing calculation affects, among other things, his maximum expiration date (*see People ex rel. Berman v Artus*, 63 AD3d 1436 [2009]).