■ In the Matter of David Miller, Respondent, v Darwin LaClair, as Superintendent of Franklin Correctional Facility, Appellant. [885 NYS2d 446]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered December 15, 2008 in Franklin County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Department of Correctional Services calculating petitioner's prison sentence.

In June 2006, petitioner pleaded guilty to grand larceny in the fourth degree and was sentenced as a second felony offender

to a prison term of 1½ to 3 years. Both the commitment order and the sentencing minutes were silent as to the manner in which this sentence was to run relative to petitioner's prior undischarged prison terms. The Department of Correctional Services (hereinafter DOCS) calculated petitioner's 2006 sentence as running consecutively to his prior undischarged terms, prompting petitioner to commence a habeas corpus proceeding to challenge that calculation and his continued incarceration. Supreme Court converted that matter to the instant CPLR article 78 proceeding, annulled the underlying determination and directed DOCS to recalculate petitioner's sentence. This appeal by respondent ensued.

Where a statute mandates the imposition of a consecutive sentence, the sentencing court is deemed to have imposed the consecutive sentence the law requires—even in the absence of an express judicial directive to that effect (see People ex rel. Gill v Greene, 12 NY3d 1, 4 [2009]; People ex rel. Gathers v Artus, 63 AD3d 1435 [2009]; People ex rel. Hunter v Yelich, 63 AD3d 1424 [2009]; People ex rel. Styles v Rabsatt, 63 AD3d 1365 [2009]). Inasmuch as there is no dispute that petitioner was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a), we perceive no error in DOCS's computation of his sentence (see Matter of Grey v Fischer, 63 AD3d 1431 [2009]; People ex rel. Taylor v Brown, 62 AD3d 1063, 1064 [2009]). Accordingly, Supreme Court's judgment is reversed and the petition is dismissed.

Cardona, P.J., Peters, Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.