■ In the Matter of STACEY KNIGHT, Respondent, v DAVID NAPOLI, as Superintendent of Southport Correctional Facility, et al., Appellants. [885 NYS2d 445]—

Appeal from a judgment of the Supreme Court (Garry, J.), entered December 5, 2008 in Chemung County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Commissioner of Correctional Services calculating petitioner's prison sentence.

In September 1990, petitioner was sentenced as a second vio-

lent felony offender to a prison term of 12½ to 25 years upon his conviction of robbery in the first degree. Neither the sentence and commitment order nor the sentencing minutes specified the manner in which petitioner's 1990 sentence was to run relative to his prior undischarged prison terms. The Department of Correctional Services calculated petitioner's 1990 sentence as running consecutively to his prior undischarged terms, prompting petitioner to commence a habeas corpus proceeding to challenge that computation and the legality of his continued incarceration. Supreme Court converted the matter to this CPLR article 78 proceeding, annulled the sentencing calculation and ordered that petitioner be resentenced. This appeal by respondents ensued.

Where a statute mandates the imposition of a consecutive sentence, the sentencing court is deemed to have imposed the consecutive sentence the law requires—even in the absence of an express judicial pronouncement (*see People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009]; *People ex rel. Gathers v Artus*, 63 AD3d 1435 [2009]; *People ex rel. Hunter v Yelich*, 63 AD3d 1424 [2009]; *People ex rel. Styles v Rabsatt*, 63 AD3d 1365 [2009]). As a second violent felony offender, petitioner was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a) and, therefore, we discern no error in the computation of his sentence (*see Matter of Grey v Fischer*, 63 AD3d 1431 [2009]; *People ex rel. Taylor v Brown*, 62 AD3d 1063, 1064 [2009]). Accordingly, Supreme Court's judgment is reversed and the petition is dismissed.

Spain, J.P., Rose, Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.