██ In the Matter of MICHAEL JOHNSON, Respondent, v CALVIN RABSATT, as Superintendent of Riverview Correctional Facility, Appellant. [890 NYS2d 141]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered September 11, 2008 in St. Lawrence County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Department of Correctional Services calculating petitioner's prison sentence.

In August 2004, petitioner was sentenced as a second felony offender to a prison term of three years followed by five years of postrelease supervision. Neither the sentencing minutes nor the sentence and commitment order specified the manner in which this sentence was to run relative to petitioner's prior undischarged prison term. The Department of Correctional Services treated petitioner's 2004 sentence as running consecutively to his prior undischarged term, prompting petitioner to commence a habeas corpus proceeding to challenge, among other things, that computation and the legality of his continued incarcera-

tion. After converting the matter to this CPLR article 78 proceeding, Supreme Court annulled the sentencing calculation, and this appeal by respondent ensued.

Petitioner concedes, and the record reflects, that he was sentenced as a second felony offender and, therefore, was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a). Where, as here, a statute requires the sentencing court to impose a consecutive sentence, it is deemed to have imposed the consecutive sentence the law requires (*see People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009], *cert denied sub nom. Gill v Rock*, 558 US —, 130 S Ct 86 [2009]; *People ex rel. Nadal v Rivera*, 63 AD3d 1434, 1435 [2009]; *People ex rel. Hunter v Yelich*, 63 AD3d 1424, 1425 [2009]; *People ex rel. Styles v Rabsatt*, 63 AD3d 1365, 1366 [2009]). Contrary to petitioner's assertion, the sentencing court's silence on this point is of no moment (*see People ex rel. Gill v Greene*, 12 NY3d at 4). We therefore discern no error in the calculation of petitioner's sentence (*see People ex rel. Lopez v Yelich*, 63 AD3d 1433, 1434 [2009]). Accordingly, Supreme Court's judgment is reversed and the petition is dismissed.

Cardona, P.J., Peters, Kane, Stein and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.