■ In the Matter of PRESTON WHIDBEE, Respondent, v FRANCISCO RIVERA, as Superintendent of Wallkill Correctional Facility, Appellant. [888 NYS2d 799]—

Appeal from a judgment of the Supreme Court (Cahill, J.), entered December 11, 2008 in Ulster County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Department of Correctional Services calculating petitioner's prison sentence.

In 2003, petitioner was sentenced as a second felony offender to a prison term of 3 to 6 years upon his conviction of manslaughter in the second degree. The sentence and commitment order, however, made no mention of the manner in which petitioner's 2003 sentence was to run relative to his prior undischarged prison terms. The Department of Correctional Services treated this sentence as running consecutively to petitioner's prior undischarged terms, and petitioner thereafter commenced a habeas corpus proceeding to challenge that

computation and the legality of his continued incarceration. Supreme Court converted the matter to this CPLR article 78 proceeding and annulled the sentencing calculation, prompting this appeal by respondent.

Preliminarily, petitioner's conditional release to parole supervision in November 2008 does not render this proceeding moot as the challenged sentencing computation affects, among other things, petitioner's maximum expiration date (*cf. People ex rel. Berman v Artus*, 63 AD3d 1436, 1437 [2009]). As to the merits, there is no dispute that petitioner was sentenced in 2003 as a second felony offender and, as such, was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a). Where a statute compels the imposition of a consecutive sentence, the sentencing court is deemed to have imposed the consecutive sentence the law requires—even if it otherwise is silent on this point (*see People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009], *cert denied sub nom. Gill v Rock*, 558 US —, 130 S Ct 86 [2009]; *People ex rel. Young v Artus*, 63 AD3d 1488, 1489 [2009]; *People ex rel. Berman v Artus*, 63 AD3d at 1437; *People ex rel. Hunter v Yelich*, 63 AD3d 1424, 1425 [2009]). Accordingly, we discern no error in the computation of petitioner's sentence (*see Matter of Grey v Fischer*, 63 AD3d 1431, 1432 [2009]). Supreme Court's judgment is, therefore, reversed and the petition is dismissed.

Mercure, J.P., Rose, Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.