■ In the Matter of ANTONIO RUGGIA, Respondent, v BRIAN FISCHER, as Commissioner of Correctional Services, Appellant. [888 NYS2d 792]—

Appeal from a judgment of the Supreme Court (McNamara, J.), entered December 4, 2008 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Department of Correctional Services calculating petitioner's prison sentence.

In 1989, petitioner was sentenced in Queens County as a second felony offender to concurrent prison terms of 12½ to 25 years upon his conviction of burglary in the first degree and sodomy in the first degree. Petitioner also was sentenced in Bronx County as a second felony offender to a prison term of 2 to 4 years upon his conviction of escape in the second degree. Although the Bronx County sentence and commitment order specified that such sentence was to be served consecutively to the term imposed in Queens County, no mention was made as to the manner in which the 1989 sentences were to run relative to petitioner's prior undischarged prison term. The Department of Correctional Services treated petitioner's 1989 sentences as running consecutively to his prior undischarged term, and petitioner commenced this CPLR article 78 proceeding to challenge that computation. Supreme Court annulled the sentencing calculation, prompting this appeal.

Inasmuch as petitioner was sentenced in 1989 as a second felony offender, he was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a). Where, as here, a statute compels the imposition of a consecutive sentence, the sentencing court is deemed to have imposed the consecutive sentence the law requires—regardless of whether it issues a specific directive to that effect (*see People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009], *cert denied sub nom. Gill v Rock*, 558 US —, 130 S Ct 86 [2009]; *People ex rel. Young v Artus*, 63 AD3d 1488, 1489 [2009]; *People ex rel. Berman v Artus*, 63 AD3d 1436, 1437 [2009]; *People ex rel. Hunter v Yelich*, 63 AD3d 1424, 1425 [2009]). Accordingly, we perceive no error in the computation of petitioner's sentence (*see People ex rel. Taylor v Brown*, 62 AD3d 1063, 1064 [2009]). Supreme Court's judgment is, therefore, reversed and the petition is dismissed.

Mercure, J.P., Kavanagh, Stein, McCarthy and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.