■ In the Matter of HENRY DuBOSE, Respondent, v ANTHONY BOUCAUD, as Superintendent of Altona Correctional Facility, et al., Appellants. [889 NYS2d 312]—

---

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered December 11, 2008 in Clinton County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Department of Correctional Services calculating petitioner's prison sentence.

In 2005, petitioner was sentenced as a second felony offender to a prison term of $1^1/_2$ to 3 years following his conviction of attempted criminal possession of a weapon in the third degree. Neither the sentence and commitment order nor the sentencing minutes specified how petitioner's 2005 sentence was to run relative to his prior undischarged prison terms. Respondent Department of Correctional Services treated petitioner's 2005 sentence as running consecutively to his prior undischarged terms, prompting petitioner to commence a habeas corpus proceeding to challenge that computation and the legality of his continued incarceration. Supreme Court converted the matter to this CPLR article 78 proceeding and annulled the sentencing computation, and this appeal by respondents followed.

Preliminarily, petitioner's release to parole supervision in June 2009 does not render this proceeding moot, as the challenged sentencing calculation affects, among other things, petitioner's maximum expiration date (cf. People ex rel. Berman v Artus, 63 AD3d 1436, 1437 [2009]). Turning to the merits, there is no dispute that petitioner was sentenced as a second felony offender and, therefore, was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a). Where a statute compels the imposition of a consecutive sentence, the sentencing court is deemed to have imposed the consecutive sentence the law requires—regardless of whether it issues a specific directive to that effect (see People ex rel. Gill v Greene, 12 NY3d 1, 4 [2009], cert denied sub nom. Gill v Rock, 558 US —, 130 S Ct 86 [2009]; People ex rel. Nadal v Rivera, 63 AD3d 1434, 1435 [2009]; People ex rel. Hunter v Yelich, 63 AD3d 1424, 1425 [2009]; People ex rel. Styles v Rabsatt, 63 AD3d 1365, 1366 [2009]). We therefore discern no error in the calculation of petitioner's sentence (see People ex rel. Taylor v Brown, 62 AD3d 1063, 1064 [2009]). Accordingly, Supreme Court's judgment is reversed and the petition is dismissed.

Peters, J.P., Rose, Kane, Kavanagh and McCarthy, JJ., concur.

Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.