■ In the Matter of MARIO E. VASQUEZ, Respondent, v BRIAN FISCHER, as Commissioner of Correctional Services, Appellant. [888 NYS2d 787]—

Appeal from a judgment of the Supreme Court (Cahill, J.), entered February 24, 2009 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR

article 78, to annul a determination of the Department of Correctional Services calculating petitioner's prison sentence.

In February 2007, petitioner was sentenced as a second felony offender to a prison term of 1½ to 3 years upon his conviction of attempted criminal possession of a weapon in the third degree. Neither the sentence and commitment order nor the sentencing minutes specified the manner in which this sentence was to run relative to petitioner's prior undischarged prison term. The Department of Correctional Services treated petitioner's 2007 sentence as running consecutively to his prior undischarged term, and petitioner thereafter commenced this CPLR article 78 proceeding seeking to challenge that computation. Supreme Court annulled the sentencing calculation, prompting this appeal by respondent.

There is no dispute that petitioner was sentenced in February 2007 as a second felony offender and, as such, was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a). Where, as here, a statute mandates the imposition of a consecutive sentence, the sentencing court is deemed to have imposed the consecutive sentence the law requires—regardless of whether it so specifies (*see People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009], *cert denied sub nom. Gill v Rock*, 558 US —, 130 S Ct 86 [2009]; *People ex rel. Young v Artus*, 63 AD3d 1488, 1489 [2009]; *People ex rel. Berman v Artus*, 63 AD3d 1436, 1437 [2009]; *People ex rel. Hunter v Yelich*, 63 AD3d 1424, 1425 [2009]). As we discern no error in the computation of petitioner's sentence (*see People ex rel. Lopez v Yelich*, 63 AD3d 1433, 1434 [2009]), Supreme Court's judgment is reversed and the petition is dismissed.*

Spain, J.P., Rose, Malone Jr., McCarthy and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.

---

* To the extent that petitioner claims he was denied the benefit of his plea bargain, his remedy is to seek whatever postconviction relief may be available to him in the context of a CPL article 440 motion.