■ In the Matter of RODOLFO TAYLOR, Respondent, v CALVIN O. RABSATT, as Superintendent of Riverview Correctional Facility, et al., Appellants. [888 NYS2d 802]—

---

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered January 20, 2009 in St. Lawrence County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Department of Correctional Services calculating petitioner's prison sentence.

In September 1985, petitioner was sentenced as a second felony offender to two concurrent prison terms of 9 to 18 years upon his conviction of two counts of robbery in the first degree. Two months later, in November 1985, petitioner again was sentenced as a second felony offender to a prison term of 9 to 18 years upon his conviction of robbery in the first degree. Although the sentencing court directed that the November 1985 sentence run consecutively to the September 1985 sentence, neither the relevant sentencing minutes nor the applicable sentence and commitment orders addressed the manner in which the 1985 sentences were to run relative to petitioner's prior undischarged prison term. Respondent Department of Correctional Services treated petitioner's 1985 sentences as running consecutively to his prior undischarged prison term, and petitioner commenced this CPLR article 78 proceeding to challenge that computation. Supreme Court annulled the sentencing calculation and this appeal by respondents ensued.

Inasmuch as petitioner was sentenced in 1985 as a second felony offender, he was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a). Where a statute compels the imposition of a consecutive sentence, the sentencing court is deemed to have imposed the consecutive sentence the law requires—notwithstanding the sentencing court's silence on this point (see People ex rel. Gill v Greene, 12 NY3d 1, 4 [2009], cert denied sub nom. Gill v Rock, 558 US —, 130 S Ct 86 [2009]; People ex rel. Young v Artus, 63 AD3d 1488, 1489 [2009]; People ex rel. Berman v Artus, 63 AD3d 1436, 1437 [2009]; People ex rel. Hunter v Yelich, 63 AD3d 1424, 1425 [2009]). Accordingly, we discern no error in the computation of petitioner's sentence (see People ex rel. Taylor v Brown, 62 AD3d 1063, 1064 [2009]). Supreme Court's judgment is, therefore, reversed and the petition is dismissed.

Cardona, P.J., Spain, Lahtinen, Stein and McCarthy, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.