██ In the Matter of EDWIN SPENCER, Respondent, v BRUCE S. YELICH, as Superintendent of Bare Hill Correctional Facility, Appellant. [888 NYS2d 785]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered December 15, 2008 in Franklin County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Department of Correctional Services calculating petitioner's prison sentence.

In 1995, petitioner was sentenced as a second felony offender to a prison term of 6 to 12 years upon his conviction of robbery in the first degree. Neither the sentence and commitment order nor the sentencing minutes specified whether this sentence was to run consecutively to or concurrently with the undischarged portion of petitioner's 1993 prison term. Thereafter, in 2003, petitioner was sentenced as a second felony offender to a prison term of 1½ to 3 years upon his conviction of attempted promoting prison contraband in the first degree. Although the sentence and commitment order was silent as to the manner in which the 2003 sentence was to run relative to petitioner's prior undischarged prison terms, the sentencing minutes indicated that the 2003 sentence was to run consecutively thereto. Thus, in computing petitioner's prison sentence, the Department of Correctional Services treated petitioner's 1995 sentence as running consecutively to the undischarged portion of his 1993 prison term and treated the 2003 sentence as running consecutively to the undischarged portions of his 1993 and 1995 prison terms. Petitioner thereafter commenced a habeas corpus proceeding challenging that computation and the legality of his continued incarceration. Supreme Court converted the matter to this CPLR article 78 proceeding and granted the petition only to the extent of annulling the sentencing calculation as to petitioner's 1995 prison term. This appeal by respondent ensued.

There is no question that petitioner was sentenced as a second felony offender in both 1995 and 2003 and, hence, was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a). Where, as here, a sentencing court is mandated by statute to impose a consecutive sentence, it is deemed to have imposed

the consecutive sentence the law requires—even in the absence of an express judicial directive to that effect (*see People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009], *cert denied sub nom. Gill v Rock*, 558 US —, 130 S Ct 86 [2009]; *People ex rel. Young v Artus*, 63 AD3d 1488, 1489 [2009]; *People ex rel. Nadal v Rivera*, 63 AD3d 1434, 1435 [2009]; *People ex rel. Hunter v Yelich*, 63 AD3d 1424, 1425 [2009]). Accordingly, we discern no error in the computation of petitioner's sentence (*see People ex rel. Lopez v Yelich*, 63 AD3d 1433, 1434 [2009]).

Cardona, P.J., Peters, Lahtinen, Kane and Stein, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as partially granted petitioner's application; petition dismissed in its entirety; and, as so modified, affirmed. **[Prior Case History: 2008 NY Slip Op 33455(U).]**