■ In the Matter of MANHAL AL-IBRAHIM, Respondent, v BRIAN FISCHER, as Commissioner of Correctional Services, Appellant. [888 NYS2d 803]—

Appeal from a judgment of the Supreme Court (Donohue, J.), entered January 20, 2009 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Department of Correctional Services calculating petitioner's prison sentence.

In June 2007, petitioner was sentenced as a second felony offender to a prison term of six years followed by five years of

postrelease supervision. The sentence and commitment order did not specify the manner in which this sentence was to run relative to petitioner's prior undischarged prison term. The Department of Correctional Services calculated petitioner's 2007 sentence as running consecutively to his prior undischarged term, prompting petitioner to commence this CPLR article 78 proceeding to challenge that computation. Supreme Court annulled the sentencing calculation and this appeal by respondent followed.

Where a sentencing court is required by statute to impose a consecutive sentence, it is deemed to have imposed the consecutive sentence the law requires—regardless of whether it makes an express pronouncement to that effect (*see People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009], *cert denied sub nom. Gill v Rock*, 558 US —, 130 S Ct 86 [2009]; *People ex rel. Young v Artus*, 63 AD3d 1488, 1489 [2009]; *People ex rel. Nadal v Rivera*, 63 AD3d 1434, 1435 [2009]; *People ex rel. Hunter v Yelich*, 63 AD3d 1424, 1425 [2009]). As there is no dispute that petitioner was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a), we discern no error in the computation of his sentence (*see People ex rel. Lopez v Yelich*, 63 AD3d 1433, 1434 [2009]). Accordingly, Supreme Court's judgment is reversed and the petition is dismissed.

Cardona, P.J., Peters, Kane, Stein and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.