In the Matter of LAWRENCE WRIGHT, Respondent, v DEPARTMENT OF CORRECTIONAL SERVICES et al., Appellants. [888 NYS2d 795]——

Appeal from a judgment of the Supreme Court (Cahill, J.), entered December 26, 2008 in Ulster County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Department of Correctional Services calculating petitioner's prison sentence.

In 1994, petitioner was sentenced as a second felony offender to prison terms of 9 to 18 years upon his conviction of robbery in the first degree and 7 to 14 years upon his conviction of rob-

bery in the second degree. Although the sentence and commitment order specified that these sentences were to run concurrently with one another, no mention was made of the manner in which they were to run relative to petitioner's prior undischarged prison terms. Respondent Department of Correctional Services treated petitioner's 1994 sentences as running consecutively to his prior undischarged terms, prompting petitioner to commence a habeas corpus proceeding to challenge that computation and the legality of his continued incarceration. Supreme Court converted the matter to this CPLR article 78 proceeding and annulled the sentencing calculation. Respondents now appeal.

Preliminarily, petitioner's release to parole supervision in September 2008 does not render this proceeding moot, as the challenged sentencing calculation affects, among other things, petitioner's maximum expiration date (*cf. People ex rel. Berman v Artus*, 63 AD3d 1436, 1437 [2009]). As to the merits, where a statute mandates the imposition of a consecutive sentence, the sentencing court is deemed to have imposed the consecutive sentence the law requires—regardless of whether the court affirmatively directed consecutive sentencing (*see People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009], *cert denied sub nom. Gill v Rock*, 558 US —, 130 S Ct 86 [2009]; *People ex rel. Nadal v Rivera*, 63 AD3d 1434, 1435 [2009]; *People ex rel. Hunter v Yelich*, 63 AD3d 1424, 1425 [2009]; *People ex rel. Styles v Rabsatt*, 63 AD3d 1365, 1366 [2009]). As there is no dispute that petitioner was sentenced as a second felony offender and, as such, was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a), we discern no error in the computation of his sentence (*see People ex rel. Lopez v Yelich*, 63 AD3d 1433, 1434 [2009]). Accordingly, Supreme Court's judgment is reversed and the petition is dismissed.

Spain, J.P., Rose, Malone Jr., McCarthy and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.