■ In the Matter of JOHN FRANCIS, Also Known as TYRONE A. LESTER, Respondent, v BRIAN FISCHER, as Commissioner of Correctional Services, et al., Appellants. [890 NYS2d 173]—

Petitioner was sentenced in 1998 as a persistent violent felony offender to three concurrent prison terms of 25 years to life upon his conviction of burglary in the first degree, robbery in the first degree and robbery in the second degree. Neither the sentence and commitment order nor the sentencing minutes addressed the manner in which this sentence was to run relative to his prior undischarged prison terms. The Department of Correctional Services treated petitioner's 1998 sentence as running consecutively to his prior undischarged terms, prompting petitioner to commence this CPLR article 78 proceeding to challenge that calculation. Supreme Court annulled the sentencing computation and this appeal by respondents ensued.

Where a sentencing court is required by statute to impose a consecutive sentence, it is deemed to have imposed the consecutive sentence the law requires—even in the absence of an express judicial pronouncement to that effect (*see People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009], *cert denied sub nom. Gill v Rock*, 558 US —, 130 S Ct 86 [2009]; *People ex rel. Young v Artus*, 63 AD3d 1488, 1489 [2009]; *People ex rel. Lopez v Yelich*, 63 AD3d 1433, 1434 [2009]; *People ex rel. Hunter v Yelich*, 63 AD3d 1424, 1425 [2009]). Petitioner was sentenced in 1998 as a persistent violent felony offender and, as such, was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a). Accordingly, we discern no error in the computation of his sentence (*see People ex rel. Taylor v Brown*, 62 AD3d 1063, 1064 [2009]). Supreme Court's judgment is, therefore, reversed, and the petition is dismissed.

Cardona, P.J., Spain, Lahtinen, Stein and McCarthy, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.