■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANDREW RAGAGLIA, Respondent, v ROBERT K. WOODS, as Superintendent of Upstate Correctional Facility, Appellant. [888 NYS2d 924]—

In March 2002, defendant was sentenced as a second felony offender to a prison term of 3½ to 7 years upon his conviction of criminal possession of stolen property in the third degree. The sentence and commitment order was silent as to the manner in which petitioner's 2002 sentence was to run relative to his prior undischarged prison terms. The Department of Correctional Services calculated this sentence as running consecutively to petitioner's prior undischarged terms, prompting petitioner to commence this habeas corpus proceeding to challenge that computation and the legality of his continued incarceration. Supreme Court granted petitioner's application and ordered his release. Shortly thereafter, petitioner committed a new crime and was sentenced to a prison term of 1½ to 3 years upon his conviction of attempted assault in the second degree. This appeal by respondent ensued.

Preliminarily, despite petitioner's release from and subsequent return to custody, this matter is not moot because the challenged sentencing calculation affects, among other things, petitioner's next release date (*see People ex rel. Berman v Artus*, 63 AD3d 1436, 1437 [2009]). Accordingly, we will consider this matter as a proceeding pursuant to CPLR article 78 and address the merits (*see id.* at 1437; CPLR 103 [c]).

There is no dispute that petitioner was sentenced as a second felony offender and, therefore, was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a). Where a statute compels the imposition of a consecutive sentence, the sentencing court is deemed to have imposed the consecutive sentence the law requires—regardless of whether it issues a specific directive to that effect (*see People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009], *cert denied sub nom. Gill v Rock*, 558 US —, 130 S Ct 86 [2009]; *People ex rel. Nadal v Rivera*, 63 AD3d 1434, 1435 [2009]; *People ex rel. Hunter v Yelich*, 63 AD3d 1424, 1425 [2009]; *People ex rel. Styles v Rabsatt*, 63 AD3d 1365, 1366 [2009]). We therefore discern no error in the computation of petitioner's sentence (*see People ex rel. Taylor v Brown*, 62 AD3d

1063, 1064 [2009]). Accordingly, Supreme Court's judgment is reversed and the petition is dismissed.

Rose, J.P., Kavanagh, Stein, McCarthy and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.