In the Matter of WILLIAM RUSSELL, Respondent, v DARWIN LACLAIR, as Superintendent of Franklin Correctional Facility, Appellant. [888 NYS2d 809]—

Petitioner was sentenced in October 2004 as a second felony offender to a prison term of 1½ to 3 years upon his conviction of attempted burglary in the third degree. Neither the sentence and commitment order nor the sentencing minutes specified the manner in which this sentence was to run relative to petitioner's prior undischarged prison term. The Department of Correctional Services calculated petitioner's 2004 sentence as running consecutively to his prior undischarged term, and petitioner commenced a habeas corpus proceeding to challenge that computation and the legality of his continued incarceration. Supreme Court converted the matter to this CPLR article 78 proceeding and annulled the sentencing calculation, prompting this appeal by respondent.

There is no dispute that petitioner was sentenced as a second felony offender and, therefore, was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a). Where a sentencing court is required by statute to impose a consecutive sentence, it is deemed to have imposed the consecutive sentence the law requires—even in the absence of an express judicial directive to that effect (see People ex rel. Gill v Greene, 12 NY3d 1, 4 [2009], cert denied sub nom. Gill v Rock, 558 US —, 130 S Ct 86 [2009]; People ex rel. Young v Artus, 63 AD3d 1488, 1489 [2009]; People ex rel. Nadal v Rivera, 63 AD3d 1434, 1435 [2009]; People ex rel. Hunter v Yelich, 63 AD3d 1424, 1425 [2009]). Accordingly, we discern no error in the computation of petitioner's sentence (see People ex rel. Lopez v Yelich, 63 AD3d 1433, 1434 [2009]). Supreme Court's judgment is, therefore, reversed and the petition is dismissed.

Cardona, P.J., Spain, Lahtinen, Stein and McCarthy, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.