■ In the Matter of BASHAN GREEN, Respondent, v CALVIN O. RABSATT, as Superintendent of Riverview Correctional Facility, et al., Appellants. [888 NYS2d 921]—

In May 2007, petitioner was sentenced to a prison term of six years followed by three years of postrelease supervision upon his conviction of criminal possession of a weapon in the third degree. Thereafter, in August 2007, petitioner was resentenced under the same indictment as a second violent felony offender to the same six-year prison term followed by the mandatory five-year period of postrelease supervision. Neither the sentence and commitment order nor the sentencing minutes specified the manner in which this sentence was to run relative to petitioner's

prior undischarged prison term. Respondent Department of Correctional Services calculated petitioner's 2007 sentence as running consecutively to his prior undischarged term, prompting petitioner to commence a habeas corpus proceeding to challenge that computation and the legality of his continued incarceration. Supreme Court converted the matter to this CPLR article 78 proceeding and annulled the sentencing calculation. This appeal by respondents followed.

Where a statute compels the imposition of a consecutive sentence, the sentencing court is deemed to have imposed the consecutive sentence the law requires—regardless of whether it issues a specific directive to that effect (*see People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009], *cert denied sub nom. Gill v Rock*, 558 US —, 130 S Ct 86 [2009]; *People ex rel. Young v Artus*, 63 AD3d 1488, 1489 [2009]; *People ex rel. Nadal v Rivera*, 63 AD3d 1434, 1435 [2009]; *People ex rel. Hunter v Yelich*, 63 AD3d 1424, 1425 [2009]). Inasmuch as there is no dispute that petitioner was sentenced as a second violent felony offender and, hence, subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a), we discern no error in the computation of his sentence (*see People ex rel. Taylor v Brown*, 62 AD3d 1063, 1064 [2009]). Accordingly, Supreme Court's judgment is reversed and the petition is dismissed.

Mercure, J.P., Kavanagh, Stein, McCarthy and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.